IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 1:20-10410-HCM |
| 3443 ZEN GARDEN, L.P. | § | |
| | § | Chapter 11 |
| DEBTOR. | § | |

**APPLICATION OF CHAPTER 11 TRUSTEE UNDER 11 U.S.C. §§ 105(a) AND 363(b) FOR ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF HMP ADVISORY HOLDINGS, LLC D/B/A HARNEY PARTNERS AS FINANCIAL ADVISORS TO THE CHAPTER 11 TRUSTEE EFFECTIVE AS OF APRIL 22, 2020**

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held.**

Gregory S. Milligan, Chapter 11 Trustee ("Trustee") of the bankruptcy estate (the "Estate") of 3443 Zen Garden L.P. (the "Debtor" or "Company") in the above-captioned chapter 11 bankruptcy case (the "Case") files this application (this "Application") pursuant to Bankruptcy Code Sections 105(a) and 363(b) for entry of an order (i) authorizing the trustee to retain HMP Advisory Holdings, LLC d/b/a Harney Partners ("Harney") as the Trustee's financial advisors upon the terms and conditions set forth in that certain engagement letter between the Trustee and Harney dated May 12, 2020 (the "Engagement Letter") attached hereto as **Exhibit 1** to the Patterson Declaration (as defined below), effective April 22, 2020 and (ii) authorizing the Trustee to pay Harney's fees and costs as set forth in the Engagement Letter.

In support of this Application, the Trustee relies upon and incorporates by reference the *Declaration of William R. Patterson in Support of the Application of Chapter 11 Trustee Under 11 U.S.C. §§ 105(a) and 363(b) for an Order Authorizing the Retention of HMP Advisory*

*Holdings, LLC d/b/a Harney Partners as Financial Consultants to the Trustee Effective April 22, 2020* (the "Patterson Declaration"), a copy of which is attached hereto as **Exhibit A**. In further support of this Application, the Trustee respectfully represents as follows:

### I. BACKGROUND

1. Certain petitioning creditors initiated the Case by filing an involuntary chapter 11 petition on March 22, 2020 (the "Petition Date"). This Court entered its *Consent Order for Entry of Relief* (ECF No. 11) on April 8, 2020. On April 9, 2020, the petitioning creditors filed their *Expedited Motion for Order Requiring Appointment of a Chapter 11* Trustee. *See* ECF No. 14. This Court entered its *Order Requiring Appointment of a Chapter 11 Trustee* on April 15, 2020. *See* ECF No. 27. The United States Trustee filed its *Application for Order Approving Appointment of the Trustee* and the Court granted it on April 22, 2020. *See* ECF Nos. 35 & 36. No official committees have been appointed or designated.

2. After a detailed review and investigation into the Debtor's business and the assets of the Estate, the Trustee has determined that he requires advice and analysis regarding (a) the Debtor's options to advance a chapter 11 plan; (b) analyzing the Debtor's principal asset, a landmark real estate development project (the "Project") and pursuing initiatives relating to the Debtors' preservation and advancement, including: (i) identification of opportunities with current and potential sources of financing to fund the Case and the Project, (ii) review and analysis of the Debtor's and the Project's financial data, and (iii) negotiation of terms with potential lenders, buyers, brokers and other counterparties, and (c) other tasks in furtherance of the Trustee's goal to maximize the value of the Estate's assets and distributions to creditors in the Case, as further detailed in the Engagement Letter.

##  II. JURISDICTION AND VENUE

3. The Court has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before the Court under 28 U.S.C. §§ 1408 and 1409.

## III. RELIEF REQUESTED

4. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Trustee seeks entry of an order, substantially in the form attached hereto as **Exhibit B**: (i) authorizing the Trustee to retain Harney to serve as the Trustee's financial advisors upon the terms and conditions set forth in the Engagement Letter, effective April 22, 2020, and (ii) authorizing the Debtors to pay the fees and costs of Harney as set forth in the Engagement Letter. The Trustee seeks to engage Harney to serve as his financial advisors to assist him in the implementation of a chapter 11 emergence strategy, analysis of the Debtor's and the Project's financials, preparation of budgets and projections to advance and preserve the Project, and other tasks in support of the Trustee's efforts in this Case.

## IV. QUALIFICATIONS

5. Harney is a leading provider of management and consulting services and has a strong reputation for maximizing value for stakeholders in a variety of industries. Harney has successfully advised other clients in various matters, both out of court and as a chapter 11 court-appointed professional. Harney is a multi-disciplined financial advisory firm with leading practices in the areas of bankruptcy and financial restructuring. Harney has extensive experience and knowledge in the fields of financial restructuring and turnaround services. Harney has assisted numerous troubled companies and creditors both in workout situations and in bankruptcy proceedings. Harney and its personnel have also acted as Chief Restructuring Officer in

bankruptcy, Chapter 11 Trustee, Chapter 11 Post-Confirmation Trustee, Chapter 7 Trustee, and Receiver appointed by the Bankruptcy Court.

6. The Trustee is a partner in the firm and so is familiar with its qualifications and capabilities. The Trustee has determined that Harney is well-qualified to perform the services specified in the Engagement Letter and further described herein. The Trustee selected Harney to serve as his financial advisor because of its vast experience and its expertise in the restructuring context.

7. Harney has agreed to perform the services subject to the terms of the Engagement Letter, and its principals have agreed to be subject to the jurisdiction and supervision of the Bankruptcy Court in connection with these matters.

8. The Trustee submits that the retention of Harney as his financial advisor on the terms and conditions set forth herein is necessary and appropriate, in the best interests of the Estate, creditors, and all other parties in interest, and should be granted in all respects.

## V.  SERVICES TO BE PROVIDED

9. On May 12, 2020, the Trustee and Harney entered into the Engagement Letter, which governs the relationship between them. The terms and conditions of the Engagement Letter reflect the mutual agreement of the Trustee and Harney as to the matters that will be required in the proposed engagement. As set forth in the Engagement Letter, Harney will provide the following services (all as further described in greater detail in the Engagement Letter):

   a. Assist the Company and its counsel with general matters related to the Case;

   b. Assist the Company with preparation of financial information pertaining to Estate assets, liabilities, cash flows, financial statements, and projections, as required by the Company's lender, potential acquisition parties and other stakeholders;

   c. Assist in the preparation of post-petition financing budgets and related documents, to support the successful completion of the Case;

    d. Assist in the analysis of assets and liabilities of the Company and potential amendments to the Schedules and Statement of Financial Affairs;

    e. Assist in the review of financial information exchanged between the Company and its creditors, any regulatory agencies, consultants, prospective investors/purchasers or other third parties, as may be necessary or appropriate;

    f. Assist the Company with preparation of any bankruptcy required reporting, including Monthly Operating Reports (MOR);

    g. Provide support for the development of a Plan of Reorganization, sale process, and/or other disposition of the Company;

    h. Coordinate with the Trustee and any of the other professionals retained by the Company in the Case; and

    i. Other services as may be agreed upon between the parties.

10. The services to be provided by Harney will not be duplicative of those provided by any other advisors to the Trustee, and Harney will coordinate any services performed at the Trustee's request with the services of any other financial advisors and counsel, as appropriate, to avoid duplication of effort.

### VI.     TERMS OF COMPENSATION

11. The Trustee understands that Harney will charge for its services at the following rates, which may be adjusted from time to time after notice to the Trustee, the United States Trustee, and the Court, in connection with the Chapter 11 Cases:

| | |
|---|---|
| Partners/Executive Vice President: | $500 - $575/hour |
| Managing Directors: | $425 - $500/hour |
| Director/Senior Manager: | $350 - $425/hour |
| Manager: | $275 - $350/hour |
| Sr. Consultant: | $200 - $275/hour |
| Support Staff: | $80 - $200/hour |

12. For this matter, the Services are anticipated to be provided primarily by Erik White, Director, at the rate of $350 per hour. Additional Harney personnel may also participate on the

project team as required to serve the needs of the Trustee and the Estate. The Trustee and Harney shall divide duties so that they do not duplicate efforts or billing.

13. In addition, Harney will seek reimbursement for the reasonable and necessary expenses incurred, which shall include travel, photocopying, delivery service, postage, vendor charges and other out-of-pocket expenses incurred in providing professional services.

14. The terms and conditions of the Engagement Letter were negotiated by the Trustee and Harney in good faith.

15. Because Harney and its personnel are not being employed as professionals under section 327 of the Bankruptcy Code, they will not be required to submit fee applications pursuant to sections 330 and 331 thereof. Instead, Harney shall file with the Court, and provide notice to the Trustee, the U.S. Trustee and all official committees, reports of compensation earned and expenses incurred on a quarterly basis. Such reports shall contain summary charts which describe the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred.

16. The Trustee submits that the fee arrangements set forth in the Engagement Letter are reasonable for the following reasons: (a) there are numerous issues which Harney may be required to address in the performance of its services; (b) Harney is committed to the substantial time and effort necessary to address all such issues as they arise in an out-of-court context as well as in chapter 11; and (c) Harney's rates are comparable to its competitors in the market.

### VII. HARNEY'S DISINTERESTEDNESS

17. Harney conferred with its professionals and reviewed its business records, and, to the best of its knowledge and except to the extent disclosed in the Patterson Declaration, Harney (a) is a "disinterested person" within the meaning of Bankruptcy Code section 101(14), (b) does

not hold or represent an interest adverse to the Estate, and (c) has no connection to the Debtor, its creditors in relation to the Debtors, or other parties in interest in the Case. As previously noted, the Trustee is a partner in Harney.

18. Although the Trustee submits that the retention of Harney is not governed by section 327 of the Bankruptcy Code, the Trustee attaches the Patterson Declaration, which discloses, among other things, any relationship that Harney has with the Trustee, the Debtor, its significant creditors, or other significant parties in interest known to Harney. The Trustee submits that Harney is a "disinterested person" as that term is defined by section 101(14) of the Bankruptcy Code. If any new material facts or relationships are discovered or arise, Harney will provide the Court with a supplemental declaration disclosing same.

### VIII. BASIS FOR RELIEF REQUESTED

19. The Trustee seeks to employ and retain Harney pursuant to section 363(b) of the Bankruptcy Code effective April 22, 2020. Section 363(b)(1) of the Bankruptcy Code provides in relevant part that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." *See* 11 U.S.C. § 363(b)(1). Under applicable case law in this and other jurisdictions, if a trustee's proposed use of its assets pursuant to section 363(b) of the Bankruptcy Code represents a reasonable business judgment on the part of the trustee, such use should be approved. *See, e.g., In re Cont'l Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986); *ASARCO, Inc. v. Elliott Mgmt. (In re Asarco, L.L.C.)*, 650 F.3d 593, 601 (5th Cir. 2011).

20. Retaining Harney pursuant to the Engagement Letter serves the sound business purpose of ensuring that the Trustee is able to immediately analyze the Debtor's and Project's financials and prepare budgets and projections to advance and preserve the Project's value. These steps will ensure that the Trustee is well-positioned to successfully maximize the value of the

Estate and emerge from bankruptcy as efficiently as possible. Based upon his knowledge of Harney's qualifications and experience, the Trustee is satisfied, in his business judgment, that Harney is well-qualified to provide the services needed to achieve these measures.

21. The Trustee and Harney negotiated the terms and conditions of the Engagement Letter in good faith. The Trustee submits that the retention of Harney is a sound exercise of his business judgment and satisfies section 363(b) of the Bankruptcy Code as Harney's services are necessary and essential to the Trustee's efforts to reorganize the Debtor and maximize the Project's value. The Trustee believes the economic terms of the proposed engagement are fair, reasonable, and beneficial to the Estate, and are consistent with and typical of arrangements entered into by Harney and other clients on comparable matters.

22. Further, pursuant to section 105(a) of the Bankruptcy Code, the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *See* 11 U.S.C. § 105(a). An order authorizing the debtors to retain Harney as financial advisor to assist the Trustee is appropriate and necessary to assess the Project and ensure the Debtor's successful reorganization and emergence from bankruptcy.

23. The Debtors further request approval of Harney's engagement effective April 22, 2020. Harney started its work shortly after the appointment of the Trustee, and its services to the Trustee were uniquely valuable at the earliest stages of the Case to give the Trustee greater insight into the Estate's immediate budgetary needs. Harney's provision of urgently needed financial and Project assessments early in the Case and its assistance with transitioning the Debtor's reporting to reflect its entry into chapter 11 provided irreplaceable benefits to the Estate. Accordingly, Harney's employment effective April 22, 2020 should be approved.

24. Courts in this district and other bankruptcy courts in the state of Texas routinely approve applications similar to this Application. *See, e.g., In re The Heritage Organization, L.L.C.,* Case No. 04-35574-SAF, ECF No. 162 (Bankr. N.D. Tex. Aug 19, 2004) (authorizing chapter 11 Trustee to employ own firm as accountants and financial consultants); *In re Home Interiors & Gifts, Inc. et al.*, Case No. 08-31961-BJH, ECF No. 915 (Bankr. N.D. Tex. Jan. 27, 2009) (authorizing chapter 11 Trustee to employ own firm as accountants); *In re Life Partners Holdings, Inc.*, Case No. 15-40289-RFN, ECF No. 631 (Bankr. N.D. Tex. July 16, 2015) (authorizing chapter 11 Trustee to employ own life settlements consulting firm as consultant); *In re Frac Specialists, LLC, et al.,* Case No. 15-41974-MXM, ECF No. 625 (Bankr. N.D. Tex., Aug 17, 2016) (authorizing chapter 11 Trustee to employ own firm as accountants); *In re KHRL Group, LLC et al.*, Case No. 19-50390-RBK, ECF No. 237 (Bankr. W.D. Tex. July 31, 2019) (authorizing chapter 11 Trustee to employ own firm as financial advisor).[1]

### IX. NOTICE

25. Notice of this Application has been provided to the Office of the United States Trustee for the Western District of Texas, creditors, counsel, and other parties-in-interest, all as set forth in the Certificate of Service below. The Trustee submits that no further notice need be provided.

### X. CONCLUSION

26. WHEREFORE, the Trustee respectfully requests that the Court enter an order authorizing the employment and retention of HMP Advisory Holdings, LLC d/b/a Harney

---

[1] Due to the voluminous nature of the referenced pleadings, they are not attached hereto. Copies of the referenced pleadings will be provided upon request to proposed counsel for the Trustee.

Partners, effective as of April 22, 2020, on the terms set forth above, and granting the Trustee all other just and proper relief.

Dated: May 13, 2020

/s/ Scott D. Lawrence
Jason M. Rudd
State Bar No. 24028786
Scott D. Lawrence
State Bar No. 24087896
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 100
Dallas, Texas 75204
Telephone: (214) 692-6200
Facsimile: (214) 692-6255

**PROPOSED COUNSEL FOR GREGORY MILLIGAN, CH. 11 TRUSTEE FOR 3443 ZEN GARDEN, L.P.**

## CERTIFICATE OF SERVICE

I certify that on May 13, 2020, a true and correct copy of the forgoing was served on the parties listed in the attached service list, via ECF and/or email service where available, and otherwise via First Class United States Postal service.

/s/ Scott D. Lawrence

| | | |
|---|---|---|
| | 3443 Zen Garden, LP<br>3443 Ed Bluestein Blvd.<br>Austin, TX 78721-2912 | United States Trustee<br>903 San Jacinto Blvd, Suite 230<br>Austin, TX 78701-2450 |
| US Bankruptcy Court<br>903 San Jacinto, Suite 322<br>Austin, TX 78701-2450 | 3443 Zen Garden GP, LLC<br>c/o Rob Roy Parnell, Receiver<br>241 McKellar Road<br>Dripping Springs, TX 78620 | ABC Supply Co Inc.<br>PO Box 840899<br>Dallas, TX 75284-8099 |
| Aero Photo<br>4000 16th Street North St.<br>Petersburg, FL 33703 | Ahern Rentals<br>PO Box 271390<br>Las Vegas NV 89127-1390 | Allied Sales Company<br>PO Box 6116<br>Austin, TX. 78762-6116 |
| Austin Commercial & Residential Plumbing<br>2407 S. Congress Ave., Ste.132<br>Austin TX 78704-5505 | Adam Zarafshani<br>3443 Ed Bluestein Blvd.,<br>Building V, Sui<br>Austin, TX 78721-2912 | BPI<br>PO Box 405300<br>Atlanta, GA. 30384-5300 |
| Blu Fish Collaborative, Inc.<br>PO Box 40792<br>Austin, TX. 78704-0014 | CT Laborers Electric, LLC<br>188 Alaska Road<br>Uhland, TX 78640-6644 | Capital Industries, LLC<br>2105 Donley Dr., Ste. 200<br>Austin, TX 78758-4510 |
| Capital Pumping, LP<br>3200 Steck Ave, Suite 220<br>Austin, TX 78757-8032 | City of Austin c/o Anne Morgan<br>301 W. 2nd Street<br>Austin, TX 78701-4652 | DM's Construction Equipment Repair<br>518 Yucca Drive<br>Round Rock TX 78681-7411 |
| Lone Star Materials<br>11111 Bluff Bend<br>Austin, TX 78753-3221 | Eightfold Development, LLC<br>3443 Ed Bluestein Blvd.,<br>Building V, Sui<br>Austin, TX 78721-2912 | Equipment Share<br>2511 Broadway Bluffs Dr., Ste. 202<br>Columbia, MO 65201-8142 |
| Great Lakes Lifting Solutions<br>4910 Wilshire Blvd<br>Country Club Hills, IL 60478-3153 | Ferguson Enterprises Inc.<br>2551 North Mays<br>Round Rock, TX 78665-2411 | Ferguson Waterworks, LLC<br>#1106 4427 Factory Hill Drive<br>San Antonio, TX. 78219-2704 |
| Fritz, Byrne, Head & Gilstrap<br>221 West Sixth Street, Ste. 960<br>Austin TX 78701-3444 | Frontier Plastering<br>PO Box 1455<br>Elgin TX 78621-1455 | GSC Architects<br>3100 Alvinn Devanne Bldg. A<br>Ste. 200-B<br>Austin, TX 78741-7406 |
| Keytech North America<br>20 PGA Drive Suite 201<br>Stafford VA 22554-8218 | Hilti Inc.<br>PO Box 650756<br>Dallas, TX 75265-0756 | Hinshar & Culbertson<br>151 North Franklin St., Ste. 2500<br>Chicago, IL 60606-1915 |
| Hollandstone<br>PO Box 50058<br>Austin TX 78763-0058 | Hull Supply, Inc.<br>5117 East Cesar Chavez<br>Austin, TX 78702-5142 | Jeremie Schultz<br>6555 Hwy 140 W<br>Puryear TN 38251-3943 |
| MLA Geotechnical<br>2800 Longhorn Blvd Suite 104<br>Austin, TX 78758-7624 | MOHD Service Solutions LLC<br>3701 E. Plano Parkway- Suite 400<br>Plano, TX. 75074-1806 | Mark Schiffgens, CPA<br>100 E. Anderson Lane Suite 250<br>Austin, TX 78752-1233 |
| McMinn Land Surveying Company<br>4008 Greenmountain Lane<br>Austin TX 78759-7570 | Mint Engineering, LLC<br>5130 Mansfield View Court<br>Austin TX 78732-1854 | Mobile Mini Storage Solutions<br>4646 East Van Buren Street Suite 400<br>Phoenix, AZ 85008-6927 |
| NLB Corp.<br>29830 Beck Road<br>Wixom Michigan 48393-2824 | Nathan Olson<br>11308 Wet Season Dr.<br>Austin, TX 78754-5855 | Oldcastle Materials, Inc Texas Concrete<br>1320 Arrow Point Dr. Suite 600<br>Cedar Park, TX 78613-2189 |

| | | |
|---|---|---|
| Panache Development & Construction<br>PO Box 26539<br>Austin TX 78755-0539 | Paradigm Glass<br>9603 Saunders Lane, #B-2<br>Austin TX 78758-5230 | Praxair Distribution, Inc.<br>Dept 0812 PO Box 120812<br>Dallas, TX 75312-0812 |
| Professional Flooring<br>PO Box 7558<br>Fort Worth, TX 76111-0558 | Professional StruCivil Engineering<br>12710 Research Blvd., Ste. 390<br>Austin TX 78759-4380 | Ram Tool Supply<br>8013 Exchange Dr.<br>Austin, Tx 78754-4713 |
| Regal Plastics Supply Company, Inc<br>9200 N. Royal Ln. Suite 120<br>Irving, TX. 75063-2468 | Reinhart & Associates, Inc.<br>P.O. Box 140105<br>Austin, TX 78714-0105 | Rob Roy Parnell<br>c/o G. Stewart Whitehead<br>Winstead, PC<br>401 Congress Avenue, Suite 2100<br>Austin, TX 78701-3798 |
| Rob Roy Parnell, Receiver<br>251 McKellar Road<br>Dripping Springs, TX 78620-4884 | Roca<br>1190 NW 25th Street, Ste. 100<br>Miami, FL 33127 | Ruiz Testing Services, Inc<br>10854 Gulfdale St.<br>San Antonio, Tx 78216-3607 |
| Schindler Elevator Corp.<br>2020 Centimeter Center<br>Austin, TX 78758-4956 | Sigmax Corporation<br>321 N. Oakhurst Dr.<br>Beverly Hills, CA 90210-4175 | Structures<br>6926 N. Lamar Blvd<br>Austin, TX. 78752-3508 |
| Summer Legacy<br>PO Box 144151<br>Austin TX 78714-4151 | Sweep Across Texas<br>1512 Dungan Lane<br>Austin, TX 78754-4022 | G. Stewart Whitehead Winstead, PC<br>401 Congress Avenue Suite 2100<br>Austin, TX 78701-3798 |
| Trane<br>PO Box 845053<br>Dallas, TX 75284-5053 | Texas Crane Service<br>203 S. W.W. WHITE RD<br>SAN ANTONIO, TX 78219-4221 | The Bug Master<br>1912 Smith Rd<br>Austin, TX 78721-3547 |
| | Travis County, Texas<br>PO Box 1748<br>Austin, TX 78767-1748 | United States Trustee - AU12<br>903 San Jacinto Blvd, Suite 230<br>Austin, TX 78701-2450 |