IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| | § | CASE NO. 1:20-10410-HCM |
| **3443 ZEN GARDEN, L.P.** | § § | Chapter 11 |
| DEBTOR. | § § | |

**TRUSTEE'S MOTION FOR ENTRY OF AN ORDER
ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS**

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held.**

TO THE HONORABLE H. CHRISTOPHER MOTT, UNITED STATES BANKRUPTCY JUDGE:

Gregory S. Milligan, Chapter 11 Trustee ("Trustee") of the bankruptcy estate (the "Estate") of 3443 Zen Garden L.P. (the "Debtor") files this motion (the "Motion") pursuant to sections 105(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Court Rules of the United States Bankruptcy Court for the Western District of Texas (the "Local Rules"), including the Guidelines for Compensation and Expense Reimbursement of Professionals in Complex Chapter 11 Cases (the "Local Rule Guidelines"), for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing and establishing procedures for compensation and reimbursement of professionals on a monthly basis, comparable to those procedures established in this District in other chapter 11 cases. In support thereof, the

Trustee respectfully represents as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

2. Certain petitioning creditors (the "Petitioning Creditors") initiated the above-captioned bankruptcy case (the "Case") by filing an involuntary chapter 11 petition on March 22, 2020 (the "Petition Date").

3. This Court entered its *Consent Order for Entry of Relief* (ECF No. 11, the "Relief Order") on April 8, 2020 (the "Relief Order Entry Date").

4. On April 9, 2020, the Petitioning Creditors filed their *Expedited Motion for Order Requiring Appointment of a Chapter 11* Trustee. *See* ECF No. 14. This Court entered its *Order Requiring Appointment of a Chapter 11 Trustee* on April 15, 2020. *See* ECF No. 27. The United States Trustee filed its *Application for Order Approving Appointment of the Trustee* and the Court granted it on April 22, 2020 (the "Appointment Date"), appointing the Trustee. *See* ECF Nos. 35 & 36.

## III. RELIEF REQUESTED

5. The Trustee requests the entry of an order authorizing and establishing procedures for compensation and reimbursement of professionals on a monthly basis, comparable to those procedures established in this District in other chapter 11 cases. The proposed procedures will enable the Court, the United States Trustee, and all other creditors and parties in interest to effectively monitor the professionals' fees and expenses as they are incurred in the Case. The

predicates for the relief requested herein are sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a), and the Local Rule Guidelines.

## IV. THE PROPOSED COMPENSATION PROCEDURES

6. The Trustee has filed applications to retain professionals in the Case under section 327 of the Bankruptcy Code and may file additional such applications. All such professionals would be subject to the compensation and reimbursement procedures set forth in this Motion.

7. The Trustee proposes that the payment of compensation and reimbursement of expenses of the professionals (the "Compensation Procedures") be structured as follows:

    a. No later than the 20th day of each calendar month following the month for which compensation is sought, each professional seeking interim allowance of its fees and expenses shall serve a statement (including the relevant time entry and description and expense detail) for temporary allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (a "Monthly Fee Statement") (redacted if necessary to protect confidential information), by hand, overnight delivery, or email, on the following parties (each, a "Notice Party" and collectively, the "Notice Parties"): (i) 3443 Zen Garden, LP, Attn: Gregory S. Milligan, Chapter 11 Trustee, P.O. Box 90099, Austin, Texas 78709-0099 (gmilligan@harneypartners.com); (ii) Counsel for the Trustee: Wick Phillips Gould & Martin, LLP, 3131 McKinney Ave., Suite 100, Dallas, Texas 75204, Attn: Jason M. Rudd (jason.rudd@wickphillips.com); (iii) counsel for Romspen Mortgage Limited Partnership: Foley & Lardner LLP, Attn: Thomas Scannell, 2021 McKinney Avenue, Suite 1600, Dallas, TX 75201; (tscannell@foley.com) and (iv) counsel for the United States Trustee, Office of the United States Trustee, Attn: Shane P. Tobin, 903 San Jacinto Blvd., Room 230, Austin, TX 78701 (Shane.P.Tobin@usdoj.gov).

    b. Any professional that fails to serve a Monthly Fee Statement for a particular month may make request for those fees with the next Interim Fee Application. All Monthly Fee Statements shall include a summary of previous Monthly Fee Statements and amount paid and remaining to be paid for prior Monthly Fee Statements. Notwithstanding anything contained herein to the contrary, the first Monthly Fee Statement submitted by each professional shall cover the period from the Relief Order Entry Date through and including May 31, 2020 and shall be filed no later than June 22, 2020.

    c. The Monthly Fee Statement shall not be filed with the Court and a courtesy copy need not be delivered to chambers because (i) this Motion is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code and (ii) professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

  d. Each Monthly Fee Statement must contain a list of the individuals and the individuals' respective titles (e.g., attorney, paralegal, etc.) who provided services during the statement period; the individuals' respective billing rates; the aggregate hours spent by each individual; a reasonably detailed breakdown of the fees and expenses incurred; and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour or as close thereto as practicable (unless otherwise authorized by the Court).

  e. Each Notice Party shall have ten (10) calendar days after receiving the Monthly Fee Statement to review the statement (the "<u>Review Period</u>") and, if the Notice Party objects to the compensation or reimbursement sought in a particular statement, such Notice Party shall, within the Review Period (the "<u>Objection Deadline</u>"), serve upon the professional to whose Monthly Fee Statement the Notice Party objects (with a copy to the other Notice Parties) a written "Notice of Objection to Fee Statement," setting forth the specific nature of the Notice Party's objection and the amount of fees or expenses at issue (with reference to particular time entries or portions thereof or particular expenses, as the case may be).

  f. If no objection is served by any of the Notice Parties on or before the Objection Deadline, the Trustee shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Fee Statement.

  g. If the Trustee objects or receives an objection to a particular Monthly Fee Statement from a Notice Party, the Trustee shall withhold payment of that portion of the Monthly Fee Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (f).

  h. If the parties to an objection resolve their dispute following the service of a Notice of Objection to Fee Statement and if the party whose Monthly Fee Statement was objected to serves on all Notice Parties a statement indicating that the objection is withdrawn and describing the terms of the resolution, then the Trustee shall promptly pay in accordance with paragraph (f) that portion of the Monthly Fee Statement that is no longer subject to an objection.

  i. All objections that the parties do not resolve shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (k) below.

  j. The service of an objection in accordance with paragraph (e) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground regardless of whether the objecting party raised the ground in an objection under paragraph (e) above. Furthermore, the decision by any party not to object to a Monthly Fee Statement shall not waive or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

  k. Each professional shall file with the Court and serve on the Notice Parties an application (an "<u>Interim Fee Application</u>") for interim allowance of compensation and reimbursement of expenses sought in the Monthly Fee Statements filed during each three-month period (the "<u>Interim Fee Period</u>") pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application must identify the covered Monthly Fee Statements, include any other information

requested by the Court or required by applicable Local Rules, and include a summary of all the professional's requested fees and any payments made upon that request. Interim Fee Applications shall be filed with the Court and served on the Notice Parties. Objections, if any, to the Interim Fee Applications shall be filed and served upon the affected professional and the Notice Parties so as to be received on or before the 21st day (or the next business day if such day is not a business day) following service of the Interim Fee Application.

   l. The Court, in its discretion, may approve an Interim Fee Application to which no objections have been filed without the need for a hearing. Upon allowance by the Court of a professional's Interim Fee Application, the Trustee shall be authorized to promptly pay such professional all requested fees (including the 20% holdback) and expenses not previously paid.

   m. The pendency of an objection to payment of compensation or reimbursement of expenses shall not disqualify a professional from the future payment of compensation or reimbursement of expenses pursuant to the Compensation Procedures, unless otherwise ordered by the Court.

   n. Neither (i) the payment of or the failure to pay, in whole or in part, compensation for services and reimbursement of expenses under the Compensation Procedures, nor (ii) the filing of or the failure to file an objection to any Monthly Fee Statement or Interim Fee Application will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation for services and reimbursement of expenses of professionals. All fees and expenses paid to professionals in accordance with the Compensation Procedures are subject to disgorgement until final allowance by the Court.

   o. Any professional that fails to file an Interim Fee Application when due must wait until the next due date of an Interim Fee Application, but may request interim approval for more than one period.

   p. Professionals shall file final applications for compensation and reimbursement (the "<u>Final Fee Applications</u>") by such deadline as may be established in a confirmed chapter 11 plan or by order of the Court. All Final Fee Applications shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of this Court.

   q. Copies of all Monthly Fee Statements, Interim Fee Applications, Final Fee Applications, and notices of any hearings thereon (each a "<u>Hearing Notice</u>") must be served upon the Notice Parties. All other parties who file a request for service of notices pursuant to Bankruptcy Rule 2002 shall be entitled to receive only a copy of a Hearing Notice and a Fee Application Summary as required by Local Rule 2016(b)(l) in connection with each Interim Fee Application and each Final Fee Application. Notice given in accordance with the proposed order attached as **<u>Exhibit A</u>** hereto is deemed sufficient and adequate and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

8. The procedures described above will enable all parties to closely monitor costs of administration. Moreover, such procedures will permit the Estate to maintain a more predictable cash flow and an efficient cash management system.

9. In addition, the Trustee further requests that the Court limit service of the Monthly Fee Statements, Interim Fee Applications, Final Fee Applications, and Hearing Notices as follows: (i) the Notice Parties shall be entitled to receive the Monthly Fee Statements, Interim Fee Applications, Final Fee Applications, and Hearing Notices and (ii) the parties requesting notice pursuant to Bankruptcy Rule 2002 shall be entitled to receive only the Hearing Notices and Fee Application Summaries. Providing notice of fee applications in this manner will permit the parties most active in the Case to monitor the fees and expenses incurred by professionals and will avoid unnecessary duplication and mailing expenses.

10. The Trustee will include all payments made to professionals in accordance with the Compensation Procedures in his monthly operating reports, identifying the amounts paid to each professional.

11. For the avoidance of doubt, these proposed Compensation Procedures shall not authorize payment of any expenses that are not otherwise permitted by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the local rules of this Court, and applicable law.

## V. BASIS FOR RELIEF REQUESTED

12. Pursuant to section 331 of the Bankruptcy Code, all professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the Court permits. Section 331 of the Bankruptcy Code provides in relevant part as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply

> to the Court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.

11 U.S.C. § 331. Congress's intent in enacting section 331 is expressed unequivocally in the House and Senate Reports accompanying enactment of the Bankruptcy Code. The Court may permit more frequent applications if the circumstances warrant, such as in very large cases where the legal work is extensive and merits more frequent payments. The Court is authorized to allow and order disbursement to the applicant of compensation and reimbursement that is otherwise allowable under section 330. H.R. REP. No. 95-595, pt. 331, at 330(1977); S. Rep. No. 95-989, pt. 331, at 41-42 (1978).

13. Section 105(a) of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Thus, the Court has the authority to enter an order establishing procedures for interim compensation and reimbursement of expenses.

14. The Compensation Procedures would promote efficiency and streamline the compensation process and enable the Court, the U.S. Trustee, and all other parties to effectively monitor the professionals' fees and expenses incurred in the Case.

15. Moreover, implementing the Compensation Procedures is justified in the Case because it presents a number of complex issues that, together with the day-to-day administration of the Case, must be addressed by the Estate's limited resources. In addition, several professionals are involved in the Case, such that absent streamlined compensation procedures, the professional fee application and review process could be burdensome on the Estate, the professionals, the Court, and other parties.

16. The Compensation Procedures will (i) substantially reduce the burden imposed on the Court by avoiding the need for the immediate review of Monthly Fee Statements, (ii) enable parties in interest to monitor more closely the costs of administering this Case, (iii) diminish undue financial burdens on the professionals and avoid having professionals fund the costs of the Debtor's reorganization, and (iv) permit the Trustee to better predict and manage his monthly cash needs. Procedures for compensating and reimbursing court-approved professionals have been established in other large chapter 11 cases. Appropriate factors to consider include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtor in providing services necessary to achieve a successful reorganization of the debtor . . . ." *In re Intern. Horizons, Inc.,* 10 B.R. 895, 897 (Bankr. N.D. Ga. 1981). The Trustee submits that the procedures sought herein are appropriate considering the above factors.

17. The proposed Compensation Procedures are similar to those established in other chapter 11 cases in this and other districts. *See, e.g., In re Crescent Resources, LLC,* Case No. 09-11507 (Bankr. W.D. Tex. July 27, 2009); *In re TXCO Resources, Inc.,* Case No. 09-51807 (Bankr. W.D. Tex. May 20, 2009); *In re Spectrum Jungle Labs Corp.,* Case No. 09-50455 (RBK) (Bankr. W.D. Tex. Mar. 19, 2009); *In re Advanced Living Technologies Inc.,* Case No. 08-50040 (Bankr. W.D. Tex. Feb. 26, 2008); *In re Line Corp.,* Case No. 0313779 (Bankr. W.D. Tex. Sept. 3, 2003); *In re Electrosource, Inc.,* Case No. 01-14283 (Bankr. W.D. Sept. 12, 2002); *In re Radiant Photonics,* Case No. 01-13967 (Bankr. W.D. Tex. Jan.14, 2002); *In re PointOne Operating Co.,* Case No. 01-12978 (Bankr. W.D. Tex. Nov. 07, 2001); *In re Manchester, Inc.,* Case No. 08-30703-BJH (Jointly Administered) (Bankr. N.D. Tex. Feb. 19, 2008); *see also In re Asarco LLC et al.,* Case No. 05-2120 (Jointly Administered) (Bankr. S.D. Tex. Dec. 15, 2005); *In re Encompass*

*Services Corp. et al.,* Case No. 02-43582 (Jointly Administered) (Bankr. S.D. Tex. Dec. 19, 2002); *In re Retail Concepts, Inc.,* Case No. 02-41016 (Bankr. S.D. Tex. Nov 6, 2002); *In re EOTT Energy Partners, L.P., et al.,* Case No. 02-21730 (Jointly Administered) (Bankr. S.D. Tex. Oct. 9, 2002). Accordingly, the relief sought herein is in the best interests of the Debtor, its estate and creditors.

## VI. NOTICE

18. The Trustee has provided notice of the filing of the Motion either by electronic mail or United States First Class Mail to: (i) the Office of the United States Trustee for the Western District of Texas; (ii) the Debtor's 20 largest unsecured creditors; and (iii) all parties entitled to notice pursuant to Bankruptcy Rule 2002 and Local Rule 9013. Due to the nature of the relief requested herein, the Trustee submits that no other or further notice is required.

## VII. NO PRIOR REQUEST

19. No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page left intentionally blank]*

**WHEREFORE,** the Trustee respectfully requests that the Court grant the relief requested herein and such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: May 29, 2020 | */s/ Scott D. Lawrence* |
| | Jason M. Rudd |
| | State Bar No. 24028786 |
| | Scott D. Lawrence |
| | State Bar No. 24087896 |
| | Daniella G. Heringer |
| | State Bar No. 24103460 |

**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 100
Dallas, Texas 75204
Telephone: (214) 692-6200
Facsimile: (214) 692-6255

**PROPOSED COUNSEL FOR GREGORY MILLIGAN, CH. 11 TRUSTEE FOR 3443 ZEN GARDEN, L.P.**

## CERTIFICATE OF SERVICE

I certify that on May 29, 2020, a true and correct copy of the forgoing was served on the parties listed in the attached service list, via ECF and/or email service where available.

*/s/ Scott D. Lawrence*

## EXHIBIT A

*Proposed Order*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 1:20-10410-HCM |
| **3443 ZEN GARDEN, L.P.** | § | |
| | § | Chapter 11 |
| DEBTOR. | § | |

**ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS**

Upon consideration of the motion (the "Motion") filed by the above-captioned Trustee; the Court having found that it has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334; the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); the Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; the Court having found that the relief requested in the Motion is in the best interest of Debtor's estate, its creditors, and other parties in interest; the Court having reviewed the Motion and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. Except as may otherwise be provided in orders of the Court authorizing the retention of specific professionals, all professionals in this Case pursuant to this order of the Court may seek

compensation for professional services rendered and reimbursement of expenses incurred in accordance with the following Compensation Procedures:[1]

a. No later than the 20th day of each calendar month following the month for which compensation is sought, each professional seeking interim allowance of its fees and expenses shall serve a statement (including the relevant time entry and description and expense detail) for temporary allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (a "Monthly Fee Statement") (redacted if necessary to protect confidential information), by hand, overnight delivery, or email, on the following parties (each, a "Notice Party" and collectively, the "Notice Parties"): (i) 3443 Zen Garden, LP, Attn: Gregory S. Milligan, Chapter 11 Trustee, P.O. Box 90099, Austin, Texas 78709-0099 (gmilligan@harneypartners.com); (ii) Counsel for the Trustee: Wick Phillips Gould & Martin, LLP, 3131 McKinney Ave., Suite 100, Dallas, Texas 75204, Attn: Jason M. Rudd (jason.rudd@wickphillips.com); (iii) counsel for Romspen Mortgage Limited Partnership: Foley & Lardner LLP, Attn: Thomas Scannell, 2021 McKinney Avenue, Suite 1600, Dallas, TX 75201; (tscannell@foley.com) and (iv) counsel for the United States Trustee, Office of the United States Trustee, Attn: Shane P. Tobin, 903 San Jacinto Blvd., Room 230, Austin, TX 78701 (Shane.P.Tobin@usdoj.gov).

b. Any professional that fails to serve a Monthly Fee Statement for a particular month may make request for those fees with the next Interim Fee Application. All Monthly Fee Statements shall include a summary of previous Monthly Fee Statements and amount paid and remaining to be paid for prior Monthly Fee Statements. Notwithstanding anything contained herein to the contrary, the first Monthly Fee Statement submitted by each professional shall cover the period from the Relief Order Entry Date through and including May 31, 2020 and shall be filed no later than June 22, 2020.

c. The Monthly Fee Statement shall not be filed with the Court and a courtesy copy need not be delivered to chambers because (i) this Order is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code and (ii) professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

d. Each Monthly Fee Statement must contain a list of the individuals and the individuals' respective titles (e.g., attorney, paralegal, etc.) who provided services during the statement period; the individuals' respective billing rates; the aggregate hours spent by each individual; a reasonably detailed breakdown of the fees and expenses incurred; and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour or as close thereto as practicable (unless otherwise authorized by the Court).

e. Each Notice Party shall have ten (10) calendar days after receiving the Monthly Fee Statement to review the statement (the "Review Period") and, if the Notice Party objects to the compensation or reimbursement sought in a particular statement, such Notice Party shall, within

---

[1] Capitalized terms not otherwise defined herein are defined in the Motion.

the Review Period (the "Objection Deadline"), serve upon the professional to whose Monthly Fee Statement the Notice Party objects (with a copy to the other Notice Parties) a written "Notice of Objection to Fee Statement," setting forth the specific nature of the Notice Party's objection and the amount of fees or expenses at issue (with reference to particular time entries or portions thereof or particular expenses, as the case may be).

    f. If no objection is served by any of the Notice Parties on or before the Objection Deadline, the Trustee shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Fee Statement.

    g. If the Trustee objects or receives an objection to a particular Monthly Fee Statement from a Notice Party, the Trustee shall withhold payment of that portion of the Monthly Fee Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (7.f).

    h. If the parties to an objection resolve their dispute following the service of a Notice of Objection to Fee Statement and if the party whose Monthly Fee Statement was objected to serves on all Notice Parties a statement indicating that the objection is withdrawn and describing the terms of the resolution, then the Trustee shall promptly pay in accordance with paragraph (7.f) that portion of the Monthly Fee Statement that is no longer subject to an objection.

    i. All objections that the parties do not resolve shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (7.k) below.

    j. The service of an objection in accordance with paragraph (7.e) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground regardless of whether the objecting party raised the ground in an objection under paragraph (7.e) above. Furthermore, the decision by any party not to object to a Monthly Fee Statement shall not waive or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

    k. Each professional shall file with the Court and serve on the Notice Parties an application (an "Interim Fee Application") for interim allowance of compensation and reimbursement of expenses sought in the Monthly Fee Statements filed during each three-month period (the "Interim Fee Period") pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application must identify the covered Monthly Fee Statements, include any other information requested by the Court or required by applicable Local Rules, and include a summary of all the professional's requested fees and any payments made upon that request. Interim Fee Applications shall be filed with the Court and served on the Notice Parties. Objections, if any, to the Interim Fee Applications shall be filed and served upon the affected professional and the Notice Parties so as to be received on or before the 21st day (or the next business day if such day is not a business day) following service of the Interim Fee Application.

    l. The Court, in its discretion, may approve an Interim Fee Application to which no objections have been filed without the need for a hearing. Upon allowance by the Court of a

professional's Interim Fee Application, the Trustee shall be authorized to promptly pay such professional all requested fees (including the 20% holdback) and expenses not previously paid.

m. The pendency of an objection to payment of compensation or reimbursement of expenses shall not disqualify a professional from the future payment of compensation or reimbursement of expenses pursuant to the Compensation Procedures, unless otherwise ordered by the Court.

n. Neither (i) the payment of or the failure to pay, in whole or in part, compensation for services and reimbursement of expenses under the Compensation Procedures, nor (ii) the filing of or the failure to file an objection to any Monthly Fee Statement or Interim Fee Application will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation for services and reimbursement of expenses of professionals. All fees and expenses paid to professionals in accordance with the Compensation Procedures are subject to disgorgement until final allowance by the Court.

o. Any professional that fails to file an Interim Fee Application when due must wait until the next due date of an Interim Fee Application, but may request interim approval for more than one period.

p. Professionals shall file final applications for compensation and reimbursement (the "Final Fee Applications") by such deadline as may be established in a confirmed chapter 11 plan or by order of the Court. All Final Fee Applications shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of this Court.

q. Copies of all Monthly Fee Statements, Interim Fee Applications, Final Fee Applications, and notices of any hearings thereon (each a "Hearing Notice") must be served upon the Notice Parties. All other parties who file a request for service of notices pursuant to Bankruptcy Rule 2002 shall be entitled to receive only a copy of a Hearing Notice and a Fee Application Summary as required by Local Rule 2016(b)(l) in connection with each Interim Fee Application and each Final Fee Application. Notice given in accordance with this Order is deemed sufficient and adequate and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

3. Each member of any committee appointed is permitted to submit statements of expenses (excluding third-party legal fees and expenses of individual committee members) and supporting vouchers to the committee's counsel, which counsel shall collect and submit the committee members' requests for reimbursement in accordance with the Compensation Procedures; provided, however, that committee members' requests for reimbursement of attorneys' fees and expenses must be made by separate application and scheduled for hearing upon proper notice.

4. The Trustee is authorized to pay experts directly without further motion or application to the Court. The Trustee shall include all payments made to professionals in accordance with the Compensation Procedures in his monthly operating reports identifying the amounts paid to each professional.

5. Notwithstanding anything to the contrary herein, nothing in this Order authorizes the use of cash collateral or debtor-in-possession financing. Any payments authorized to be made pursuant to this Order shall be made only to the extent authorized under cash collateral and postpetition financing orders (as amended or extended, as the case may be) and corresponding budgets approved by the Court in effect as of the time such payment is to be made.

6. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

7. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8. The Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. This Court shall retain jurisdiction with respect to any and all matters arising from or related to the interpretation or implementation of this Order.

###

PREPARED AND SUBMITTED BY

Jason M. Rudd
State Bar No. 24028786
Scott D. Lawrence
State Bar No. 24087896
Daniella G. Heringer
State Bar No. 24103460

**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 100
Dallas, Texas 75204
Telephone: (214) 692-6200
Facsimile: (214) 692-6255

**PROPOSED COUNSEL FOR GREGORY MILLIGAN,
CH. 11 TRUSTEE FOR 3443 ZEN GARDEN, L.P.**

3443 Zen Garden, LP
3443 Ed Bluestein Blvd.
Austin, TX 78721-2912

United States Trustee
903 San Jacinto Blvd,
Suite 230
Austin, TX 78701-2450

US Bankruptcy Court
903 San Jacinto, Suite 322
Austin, TX 78701-2450

3443 Zen Garden GP, LLC
c/o Rob Roy Parnell,
Receiver
241 McKellar Road
Dripping Springs, TX 78620

ABC Supply Co Inc.
PO Box 840899
Dallas, TX 75284-8099

Aero Photo
4000 16th Street North
St. Petersburg, FL 33703

Ahern Rentals
PO Box 271390
Las Vegas NV 89127-1390

Allied Sales Company
PO Box 6116
Austin, TX. 78762-6116

Austin Commercial &
Residential Plumbing
2407 S. Congress Ave, Ste132
Austin TX 78704-5505

Adam Zarafshani
3443 Ed Bluestein Blvd.,
Building V
Austin, TX 78721-2912

BPI
PO Box 405300
Atlanta, GA. 30384-5300

Blu Fish Collaborative, Inc.
PO Box 40792
Austin, TX. 78704-0014

CT Laborers Electric, LLC
188 Alaska Road
Uhland, TX 78640-6644

Capital Industries, LLC
2105 Donley Dr., Ste. 200
Austin, TX 78758-4510

Capital Pumping, LP
3200 Steck Ave, Suite 220
Austin, TX 78757-8032

City of Austin c/o Anne
Morgan
301 W. 2nd Street
Austin, TX 78701-4652

DM's Construction
Equipment Repair
518 Yucca Drive
Round Rock TX 78681-7411

Eightfold Development, LLC
3443 Ed Bluestein Blvd.,
Building V, Sui
Austin, TX 78721-2912

Equipment Share
2511 Broadway Bluffs Dr.,
Ste. 202
Columbia, MO 65201-8142

Great Lakes Lifting
Solutions
4910 Wilshire Blvd
Country Club Hills, IL
60478-3153

Ferguson Enterprises Inc.
2551 North Mays
Round Rock, TX 78665-2411

Ferguson Waterworks, LLC
#1106 4427 Factory Hill
Drive
San Antonio, TX. 78219-2704

Fritz, Byrne, Head & Gilstrap
221 West Sixth Street, Ste
960
Austin TX 78701-3444

Frontier Plastering
PO Box 1455
Elgin TX 78621-1455

GSC Architects
3100 Alvinn
Devanne Bldg. A
Ste. 200-B
Austin, TX 78741-7406

Keytech North America
20 PGA Drive Suite 201
Stafford VA 22554-8218

Hilti Inc.
PO Box 650756
Dallas, TX 75265-0756

Hinshar & Culbertson
151 North Franklin St.,
Ste. 2500
Chicago, IL 60606-1915

Hollandstone
PO Box 50058
Austin TX 78763-0058

Hull Supply, Inc.
5117 East Cesar Chavez
Austin, TX 78702-5142

Jeremie Schultz
6555 Hwy 140 W
Puryear TN 38251-3943

MLA Geotechnical
2800 Longhorn Blvd Suite 104
Austin, TX 78758-7624

MOHD Service Solutions LLC
3701 E. Plano Parkway Ste
400
Plano, TX. 75074-1806

Mark Schiffgens, CPA
100 E. Anderson Lane Ste
250
Austin, TX 78752-1233

McMinn Land Surveying Company
4008 Greenmountain Lane
Austin TX 78759-7570

Mint Engineering, LLC
5130 Mansfield View Court
Austin TX 78732-1854

Mobile Mini Storage Solutions
4646 East Van Buren Street
Suite 400
Phoenix, AZ 85008-6927

NLB Corp.
29830 Beck Road
Wixom Michigan 48393-2824

Nathan Olson
11308 Wet Season Dr.
Austin, TX 78754-5855

Oldcastle Materials, Inc
Texas Concrete
1320 Arrow Point Dr Ste 600
Cedar Park, TX 78613-2189

Panache Development & Construction
PO Box 26539
Austin TX 78755-0539

Paradigm Glass
9603 Saunders Lane, #B-2
Austin TX 78758-5230

Praxair Distribution, Inc.
Dept 0812 PO Box 120812
Dallas, TX 75312-0812

Professional Flooring
PO Box 7558
Fort Worth, TX 76111-0558

Professional StruCivil Engineers Inc
2205 W. Parmer Ln. #201
Austin TX 78727

Ram Tool Supply
8013 Exchange Dr.
Austin, Tx 78754-4713

Regal Plastics Supply Company, Inc
9200 N. Royal Ln. Suite 120
Irving, TX. 75063-2468

Reinhart & Associates, Inc.
P.O. Box 140105
Austin, TX 78714-0105

Rob Roy Parnell
c/o G. Stewart Whitehead
Winstead, PC
401 Congress Avenue Ste 2100
Austin, TX 78701-3798

Rob Roy Parnell, Receiver
251 McKellar Road
Dripping Springs, TX 78620-4884

Roca
1190 NW 25th Street
Miami, FL 33172

Ruiz Testing Services, Inc
10854 Gulfdale St.
San Antonio, Tx 78216-3607

Schindler Elevator Corp.
2020 Centimeter Center
Austin, TX 78758-4956

Sigmax Corporation
321 N. Oakhurst Dr.#602
Beverly Hills, CA 90210-4175

Structures
6926 N. Lamar Blvd
Austin, TX. 78752-3508

Summer Legacy
PO Box 144151
Austin TX 78714-4151

Sweep Across Texas
1512 Dungan Lane
Austin, TX 78754-4022

G. Stewart Whitehead
Winstead, PC
401 Congress Avenue Ste 2100
Austin, TX 78701-3798

Trane
PO Box 845053
Dallas, TX 75284-5053

Texas Crane Service
203 S. W.W. WHITE RD
SAN ANTONIO, TX 78219-4221

The Bug Master
1912 Smith Rd
Austin, TX 78721-3547

United States Trustee-AU12
903 San Jacinto Blvd, Ste 230
Austin, TX 78701-2450