**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: June 08, 2020.**

_____
**H. CHRISTOPHER MOTT**
**UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 1:20-10410-HCM |
| 3443 ZEN GARDEN, L.P. | § | |
| | § | Chapter 11 |
| DEBTOR. | § | |

ORDER GRANTING
APPLICATION OF CHAPTER 11 TRUSTEE UNDER 11 U.S.C. §§ 105(a)
AND 363(b) FOR ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF
HMP ADVISORY HOLDINGS, LLC D/B/A HARNEY PARTNERS AS FINANCIAL
ADVISORS TO THE CHAPTER 11 TRUSTEE EFFECTIVE AS OF APRIL 22, 2020

CAME ON FOR CONSIDERATION the *Application of Chapter 11 Trustee Under 11 U.S.C. §§ 105(a) and 363(b) for an Order Authorizing the Retention of HMP Advisory Holdings, LLC d/b/a Harney Partners as Financial Consultants to the Trustee Effective April 22, 2020* (the "Application")[1] filed by Gregory Milligan, Chapter 11 Trustee ("Trustee") of the bankruptcy estate of 3443 Zen Garden, (the "Debtor"), and the Court having found that it has jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the

---

[1] Capitalized terms not otherwise defined herein are used as defined in the Application.

Court having found that consideration of the Application and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that venue of this proceeding in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Application as set forth therein is sufficient under the circumstances; and the Court having reviewed the Application and the Patterson Declaration and having considered statements in support of the Application at the hearing held before this Court (the "Hearing"), if any; and the Court finding that all objections, if any, to the Application have been withdrawn, resolved or overruled; and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. The terms of the Engagement Letter, including without limitation, the compensation provisions, all as modified by this Order, are reasonable terms and conditions of employment and are hereby approved, subject to the following terms, which apply notwithstanding anything in the Engagement Letter or the Application to the contrary:

   a. Harney shall file with the Court, and provide notice to the United States Trustee ("U.S. Trustee") and any committee appointed in the future, reports of compensation earned and expenses incurred on a quarterly basis. Such reports shall contain summary charts which describe the services provided, identify the compensation earned, and itemize the expenses incurred;

   b. The Trustee is permitted to indemnify and hold harmless Harney, its affiliates and their respective shareholders, members, managers, employees, agents, representatives, and subcontractors ("Indemnified Person") according to the terms of the Engagement Letter. Notwithstanding the terms of the Engagement Letter, in no event shall an Indemnified Person be indemnified or receive contribution or other payment under the Engagement Letter if the Trustee, the Estate, or any

  statutory committee of unsecured creditors appointed in the Case asserts a claim against an Indemnified Person and the Court determines by final order that such claim arose out of the gross negligence or willful misconduct on the part of that or any other Indemnified Person;

 c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Case (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing the Case, any Indemnified Party believes that it is entitled to the payment of any amounts by the Estate on account of the Trustee's indemnification, contribution, and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, such Indemnified Party must file an application therefor in this Court, and the Trustee may not pay any such amounts to the Indemnified Party before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by the Indemnified Party for indemnification, contribution, or reimbursement and not as a provision limiting the duration of the Trustee's obligation to indemnify or make contributions or reimbursements to the Indemnified Party. All parties in interest shall maintain the right to object to any application by an Indemnified Party for indemnification, contribution and/or reimbursement;

 d. In the event that any Indemnified Party seeks reimbursement from the Trustee for attorneys' fees and related expenses pursuant to the Application and Engagement Letter (as modified by this Order), the invoices and supporting time records (which may be redacted to maintain confidentiality or privilege) for the attorneys' fees and related expenses shall be annexed to the Indemnified Party's own application, both interim and final, and these invoices and time records shall be subject to the approval of the Bankruptcy Court, and the Debtors may not pay any such amounts absent entry of an order of the Court approving such payments;

 e. For a period of three years after the conclusion of the engagement, neither Harney nor any of its affiliates shall make any investments in the Debtor or the Reorganized Debtor;

 f. Harney shall disclose any and all facts that may have a bearing on whether Harney, its affiliates, and/or any individuals working on the engagement have any interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason. The obligation to disclose identified in this subparagraph is a continuing obligation.

3. The Trustee is authorized, but not directed, to pay, in the ordinary course of business, all amounts invoiced by Harney for fees and expenses incurred in connection with its retention.

4. The Trustee's retention of Harney on the terms and conditions set forth in the Application and the Engagement Letter, as modified by this Order, is hereby approved effective as of April 22, 2020.

5. To the extent there is inconsistency between the terms of the Engagement Letter, the Application, and this Order, the terms of this Order shall govern.

6. Notwithstanding anything to the contrary herein, nothing in this Order authorizes the use of cash collateral or postpetition financing. Any payments authorized to be made pursuant to this Order shall be made only to the extent authorized under any cash collateral and/or postpetition financing order (as amended or extended, as the case may be) and the corresponding budget approved by the Court in effect as of the time such payment is to be made.

7. The Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

### 

PREPARED AND SUBMITTED BY:

Jason M. Rudd
State Bar No. 24028786
Scott D. Lawrence
State Bar No. 24087896
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 100
Dallas, Texas 75204
Telephone: (214) 692-6200
Facsimile: (214) 692-6255

**PROPOSED COUNSEL FOR GREGORY MILLIGAN, CH. 11 TRUSTEE FOR 3443 ZEN GARDEN, L.P.**