

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: June 22, 2020.**

_____
**H. CHRISTOPHER MOTT
UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CASE NO. 1:20-10410-HCM |
| **3443 ZEN GARDEN, L.P.** | § § | Chapter 11 |
| DEBTOR. | § § | |

**ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS**

Upon consideration of the motion (the "Motion") filed by the above-captioned Trustee; the Court having found that it has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334; the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); the Court having found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; the Court having found that the relief requested in the Motion is in the best interest of Debtor's estate, its creditors, and other parties in interest; the Court having reviewed the Motion

and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. Except as may otherwise be provided in orders of the Court authorizing the retention of specific professionals, all professionals in this Case pursuant to this order of the Court may seek compensation for professional services rendered and reimbursement of expenses incurred in accordance with the following Compensation Procedures:[1]

    a. No later than the 20th day of each calendar month following the month for which compensation is sought, each professional seeking interim allowance of its fees and expenses shall serve a statement (including the relevant time entry and description and expense detail) for temporary allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (a "Monthly Fee Statement") (redacted if necessary to protect confidential information), by hand, overnight delivery, or email, on the following parties (each, a "Notice Party" and collectively, the "Notice Parties"): (i) 3443 Zen Garden, LP, Attn: Gregory S. Milligan, Chapter 11 Trustee, P.O. Box 90099, Austin, Texas 78709-0099 (gmilligan@harneypartners.com); (ii) Counsel for the Trustee: Wick Phillips Gould & Martin, LLP, 3131 McKinney Ave., Suite 100, Dallas, Texas 75204, Attn: Jason M. Rudd (jason.rudd@wickphillips.com); (iii) counsel for Romspen Mortgage Limited Partnership: Foley & Lardner LLP, Attn: Thomas Scannell, 2021 McKinney Avenue, Suite 1600, Dallas, TX 75201; (tscannell@foley.com) and (iv) counsel for the United States Trustee, Office of the United States Trustee, Attn: Shane P. Tobin, 903 San Jacinto Blvd., Room 230, Austin, TX 78701 (Shane.P.Tobin@usdoj.gov).

    b. Any professional that fails to serve a Monthly Fee Statement for a particular month may make request for those fees with the next Interim Fee Application. All Monthly Fee Statements shall include a summary of previous Monthly Fee Statements and amount paid and remaining to be paid for prior Monthly Fee Statements. Notwithstanding anything contained herein to the contrary, the first Monthly Fee Statement submitted by each professional shall cover the period from the Relief Order Entry Date through and including May 31, 2020 and shall be filed no later than June 22, 2020.

    c. The Monthly Fee Statement shall not be filed with the Court and a courtesy copy need not be delivered to chambers because (i) this Order is not intended to alter the fee application

---

[1] Capitalized terms not otherwise defined herein are defined in the Motion.

**ORDER GRANTING TRUSTEE'S MOTION TO ESTABLISH**      **PAGE 2 OF 6**
**PROFESSIONAL COMPENSATION AND REIMBURSEMENT PROCEDURES**

requirements outlined in sections 330 and 331 of the Bankruptcy Code and (ii) professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

   d. Each Monthly Fee Statement must contain a list of the individuals and the individuals' respective titles (e.g., attorney, paralegal, etc.) who provided services during the statement period; the individuals' respective billing rates; the aggregate hours spent by each individual; a reasonably detailed breakdown of the fees and expenses incurred; and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour or as close thereto as practicable (unless otherwise authorized by the Court).

   e. Each Notice Party shall have ten (10) calendar days after receiving the Monthly Fee Statement to review the statement (the "<u>Review Period</u>") and, if the Notice Party objects to the compensation or reimbursement sought in a particular statement, such Notice Party shall, within the Review Period (the "<u>Objection Deadline</u>"), serve upon the professional to whose Monthly Fee Statement the Notice Party objects (with a copy to the other Notice Parties) a written "Notice of Objection to Fee Statement," setting forth the specific nature of the Notice Party's objection and the amount of fees or expenses at issue (with reference to particular time entries or portions thereof or particular expenses, as the case may be).

   f. If no objection is served by any of the Notice Parties on or before the Objection Deadline, the Trustee shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Fee Statement.

   g. If the Trustee objects or receives an objection to a particular Monthly Fee Statement from a Notice Party, the Trustee shall withhold payment of that portion of the Monthly Fee Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (7.f).

   h. If the parties to an objection resolve their dispute following the service of a Notice of Objection to Fee Statement and if the party whose Monthly Fee Statement was objected to serves on all Notice Parties a statement indicating that the objection is withdrawn and describing the terms of the resolution, then the Trustee shall promptly pay in accordance with paragraph (7.f) that portion of the Monthly Fee Statement that is no longer subject to an objection.

   i. All objections that the parties do not resolve shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (7.k) below.

   j. The service of an objection in accordance with paragraph (7.e) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground regardless of whether the objecting party raised the ground in an objection under paragraph (7.e) above. Furthermore, the decision by any party not to object to a Monthly Fee Statement shall not waive or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

k. Each professional shall file with the Court and serve on the Notice Parties an application (an "Interim Fee Application") for interim allowance of compensation and reimbursement of expenses sought in the Monthly Fee Statements filed during each three-month period (the "Interim Fee Period") pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application must identify the covered Monthly Fee Statements, include any other information requested by the Court or required by applicable Local Rules, and include a summary of all the professional's requested fees and any payments made upon that request. Interim Fee Applications shall be filed with the Court and served on the Notice Parties. Objections, if any, to the Interim Fee Applications shall be filed and served upon the affected professional and the Notice Parties so as to be received on or before the 21st day (or the next business day if such day is not a business day) following service of the Interim Fee Application.

l. The Court, in its discretion, may approve an Interim Fee Application to which no objections have been filed without the need for a hearing. Upon allowance by the Court of a professional's Interim Fee Application, the Trustee shall be authorized to promptly pay such professional all requested fees (including the 20% holdback) and expenses not previously paid.

m. The pendency of an objection to payment of compensation or reimbursement of expenses shall not disqualify a professional from the future payment of compensation or reimbursement of expenses pursuant to the Compensation Procedures, unless otherwise ordered by the Court.

n. Neither (i) the payment of or the failure to pay, in whole or in part, compensation for services and reimbursement of expenses under the Compensation Procedures, nor (ii) the filing of or the failure to file an objection to any Monthly Fee Statement or Interim Fee Application will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation for services and reimbursement of expenses of professionals. All fees and expenses paid to professionals in accordance with the Compensation Procedures are subject to disgorgement until final allowance by the Court.

o. Any professional that fails to file an Interim Fee Application when due must wait until the next due date of an Interim Fee Application, but may request interim approval for more than one period.

p. Professionals shall file final applications for compensation and reimbursement (the "Final Fee Applications") by such deadline as may be established in a confirmed chapter 11 plan or by order of the Court. All Final Fee Applications shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of this Court.

q. Copies of all Monthly Fee Statements, Interim Fee Applications, Final Fee Applications, and notices of any hearings thereon (each a "Hearing Notice") must be served upon the Notice Parties. All other parties who file a request for service of notices pursuant to Bankruptcy Rule 2002 shall be entitled to receive only a copy of a Hearing Notice and a Fee Application Summary as required by Local Rule 2016(b)(l) in connection with each Interim Fee Application and each Final Fee Application. Notice given in accordance with this Order is deemed sufficient and adequate and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

3. Each member of any committee appointed is permitted to submit statements of expenses (excluding third-party legal fees and expenses of individual committee members) and supporting vouchers to the committee's counsel, which counsel shall collect and submit the committee members' requests for reimbursement in accordance with the Compensation Procedures; provided, however, that committee members' requests for reimbursement of attorneys' fees and expenses must be made by separate application and scheduled for hearing upon proper notice.

4. The Trustee is authorized to pay experts directly without further motion or application to the Court. The Trustee shall include all payments made to professionals in accordance with the Compensation Procedures in his monthly operating reports identifying the amounts paid to each professional.

5. Notwithstanding anything to the contrary herein, nothing in this Order authorizes the use of cash collateral or debtor-in-possession financing. Any payments authorized to be made pursuant to this Order shall be made only to the extent authorized under cash collateral and postpetition financing orders (as amended or extended, as the case may be) and corresponding budgets approved by the Court in effect as of the time such payment is to be made.

6. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

7. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8. The Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. This Court shall retain jurisdiction with respect to any and all matters arising from or related to the interpretation or implementation of this Order.

###

PREPARED AND SUBMITTED BY

Jason M. Rudd
State Bar No. 24028786
Scott D. Lawrence
State Bar No. 24087896
Daniella G. Heringer
State Bar No. 24103460

**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 100
Dallas, Texas 75204
Telephone: (214) 692-6200
Facsimile: (214) 692-6255

**PROPOSED COUNSEL FOR GREGORY MILLIGAN,
CH. 11 TRUSTEE FOR 3443 ZEN GARDEN, L.P.**