**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. 1:20-10410-HCM** |
| **3443 ZEN GARDEN, L.P.** | § | |
| | § | **Chapter 11** |
| **DEBTOR.** | § | |

**CHAPTER 11 TRUSTEE'S APPLICATION FOR ORDER AUTHORIZING**
**EMPLOYMENT OF GINDLER, CHAPPELL, MORRISON & CO. PC**
**AS GENERAL ACCOUNTANT TO THE TRUSTEE AND ESTATE**

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held.**

Gregory S. Milligan, Chapter 11 Trustee ("Trustee") of the bankruptcy estate (the "Estate") of 3443 Zen Garden L.P. (the "Debtor"), debtor in the above-captioned chapter 11 bankruptcy case (the "Case") files this expedited application (this "Application") for entry of an order substantially in the form attached hereto as **Exhibit A**, pursuant to Bankruptcy Code Sections 327(a), Bankruptcy Rule 2014, and Local Bankruptcy Rule 2014 for an order authorizing the Trustee to retain and employ Gindler, Chappell, Morrison & Co. PC ("GCMC") as general and tax accountant to the Trustee and Estate. In support of this Application, the Trustee incorporates the statements contained in the Declaration of Mark Schiffgens, CPA (the "Schiffgens Declaration") attached hereto as **Exhibit B**, and further respectfully states as follows:

**I. JURISDICTION AND VENUE**

1.      The Court has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before the Court under 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

2.      Certain petitioning creditors (the "Petitioning Creditors") initiated the above-captioned bankruptcy case (the "Case") by filing an involuntary chapter 11 petition on March 22, 2020 (the "Petition Date").

3.      This Court entered its *Consent Order for Entry of Relief* (ECF No. 11, the "Relief Order") on April 8, 2020 (the "Relief Order Entry Date").

4.      On April 9, 2020, the Petitioning Creditors filed their *Expedited Motion for Order Requiring Appointment of a Chapter 11* Trustee. *See* ECF No. 14. This Court entered its *Order Requiring Appointment of a Chapter 11 Trustee* on April 15, 2020. *See* ECF No. 27. The United States Trustee filed its *Application for Order Approving Appointment of the Trustee* and the Court granted it on April 22, 2020 (the "Appointment Date"), appointing the Trustee. *See* ECF Nos. 35 & 36.

5.      The primary assets of the Estate are land, buildings, and other improvements located at 3443 Ed Bluestein Boulevard in Austin, Texas (collectively, the "Property"). *See* ECF No. 48 (the "Schedules") at p. 8.

6.      On or before the Petition Date, the Debtor had previously retained GCMC to, *inter alia*, prepare the Debtor's federal income tax returns and perform certain other general accounting functions for the Debtor.

## III. RETENTION OF GCMC

7.      By this Application, the Trustee seeks Court authorization, pursuant to Bankruptcy Code sections 327(a), Bankruptcy Rule 2014(a), and Local Bankruptcy Rule 2014, to retain and employ GCMC as general accountant for the Trustee to prepare the Debtor's federal income tax returns and for other general accounting work, in accordance with the terms of the engagement

agreement between GCMC and the Trustee (the "Engagement Agreement"), a true and correct copy of which is attached as **Exhibit 1** to the Schiffgens Declaration. The Trustee requests that the Court approve the retention of GCMC effective as of the date of filing this Application.

## IV. GCMC'S QUALIFICATIONS & SCOPE OF WORK

8.      The Trustee seeks to retain GCMC as general accountant because it served as the Debtor's general accountant prepetition, specifically advising the Debtor in filing its federal income tax returns in prior years. The Trustee requires a knowledgeable accountant to render these essential professional services. The Trustee has selected GCMC as his general accountant because of GCMC's extensive experience in area of general accounting and its experience with the Debtor. GCMC has significant expertise and experience representing clients like the Debtor for tax preparation and planning, as well as other accounting services. Because of GCMC's existing relationship and familiarity with the Debtor, GCMC is uniquely able and well-qualified to represent the Estate's interests efficiently in the Case. GCMC's work will not be duplicative of any other professionals retained by the Trustee.

## V. PROPOSED COMPENSATION FOR GCMC

9.      Subject to the Court's approval, GCMC will charge the Trustee for its accounting services on an hourly basis at $195 per hour for Mark Schiffgens, $125 per hour for Mr. Schiffgens' assistants, and $100 to $200 per hour for others' time, as stated in the Engagement Agreement. GCMC has also agreed to accept a flat fee of $8,500 for the preparation of the Debtor's tax returns for the 2019 tax year. The fees, hourly rates and corresponding rate structure GCMC will use in the Case are comparable to the hourly rates and corresponding rate structure that GCMC uses in other restructuring matters, as well as similar complex corporate, real estate, and litigation matters whether in court or otherwise, regardless of whether a fee application is required. These

rates and the rate structure reflect that such complex matters typically are broad in scope and involve multiple parties, high stakes, and severe time pressures.

10.     These hourly rates are subject to periodic adjustments to reflect economic and other conditions, including increases based on advancing seniority and promotion.

11.     In addition, GCMC will seek reimbursement of expenses advanced on behalf of the Trustee according to its customary and usual practices. GCMC will maintain detailed records of any actual and necessary or appropriate costs and expenses incurred in connection with its legal services.

12.     GCMC intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and orders of the Court. GCMC has not received any retainer or other funds from the Trustee or any other party related to its proposed representation of the Trustee in the Case.

## VI. COMPENSATION RECEIVED BY GCMC FROM THE DEBTOR

13.     Other than as set forth in the Schiffgens Declaration, there is no proposed arrangement between the Debtor or Trustee and GCMC for compensation in the Case. GCMC has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

## VII. DISCLOSURES

14.     As set forth herein and in the Schiffgens Declaration, the Debtor retained GCMC prepetition. In its schedules of assets and liabilities, the Debtor listed a claim against the Estate in the amount of $21,157 belonging to Mark Schiffgens. Schiffgens and GCMC have agreed to waive any prepetition claims they may have against the Debtor as a condition of their retention.

Schiffgens and GCMC provided some assistance to the Debtor as it assembled its schedules but have agreed to waive any claims arising from that work as well. Neither GCMC nor Schiffgens received any payments from the Debtor during the 90 days prior to the Petition Date or since the Petition Date. GCMC has fully informed the Trustee of its ongoing representations of entities that may have a connection to the Debtor as described in the Schiffgens Declaration, and the Trustee has consented to GCMC's continued representation of such entities in matters unrelated to these proceedings, if any.

15.     To the best of the Trustee's knowledge, information, and belief, other than as disclosed in the Schiffgens Declaration, GCMC has no connection with the Debtor, its creditors, or any other party-in-interest in the Case, or with their respective attorneys or accountants, the United States Trustee, or any person employed in the applicable Office of the United States Trustee.

16.     To the best of the Trustee's knowledge, information and belief, and with due regard to the waivers stated in the Schiffgens Declaration, GCMC represents no interest adverse to the Estate in the matters for which GCMC is proposed to be retained and is a "disinterested person" as defined in Section 101(14) of the Bankruptcy Code. The Trustee submits that his employment of GCMC would be in the best interests of the Estate and its creditors.

17.     The Schiffgens Declaration has been executed on behalf of GCMC in accordance with the provisions of Sections 327, 328, 329, and 504 of the Bankruptcy Code, Bankruptcy Rule 2014, Local Bankruptcy Rules 2014 and 2016, and the United States Trustee Guidelines. The Trustee's knowledge, information, and belief regarding the matters set forth herein are based on, and made in reliance upon, the Schiffgens Declaration.

18.     GCMC will periodically review its files during the pendency of the Case to ensure that no conflicts or other disqualifying circumstances exist or arise. GCMC will use reasonable efforts to identify such further developments and if any new relevant facts or relationships are discovered or arise, GCMC will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## VIII. NOTICE

19.     Notice of this Application has been provided to the Office of the United States Trustee for the Western District of Texas, creditors, counsel, and other parties-in-interest, all as set forth in the Certificate of Service below. The Trustee submits that no further notice need be provided.

## IX. CONCLUSION

20.     WHEREFORE, the Trustee respectfully requests that the Court enter an order authorizing the Trustee to employ and retain Gindler, Chappell, Morrison & Co. PC as general accountant, effective as of the date of any order granting this Application, on the terms set forth in the Engagement Letter, and granting the Trustee all other just and proper relief.

Dated: July 9, 2020

/s/ Scott D. Lawrence
Jason M. Rudd, Tex. Bar No. 24028786
Scott D. Lawrence, Tex. Bar No. 24087896
Daniella G. Heringer, Tex. Bar No. 24103460
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 100
Dallas, Texas 75204
Telephone: (214) 692-6200
Facsimile: (214) 692-6255
jason.rudd@wickphillips.com
scott.lawrence@wickphillips.com
daniella.heringer@wickphillips.com

**COUNSEL FOR GREGORY MILLIGAN,
CH. 11 TRUSTEE FOR 3443 ZEN GARDEN, L.P.**

## CERTIFICATE OF SERVICE

I certify that on July 9, 2020, a true and correct copy of the forgoing was served on the parties listed in the attached service list, via ECF and/or email service where available, and otherwise via First Class United States Postal service.

/s/ Scott D. Lawrence

**EXHIBIT A**

*Proposed Order*

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 1:20-10410-HCM** |
| **3443 ZEN GARDEN, L.P.** | § | |
| | § | **Chapter 11** |
| **DEBTOR.** | § | |

**ORDER AUTHORIZING**
**CHAPTER 11 TRUSTEE'S APPLICATION FOR ORDER AUTHORIZING**
**EMPLOYMENT OF GINDLER, CHAPPELL, MORRISON & CO. PC**
<u>**AS GENERAL ACCOUNTANT TO THE TRUSTEE AND ESTATE**</u>

CAME ON FOR CONSIDERATION the *Chapter 11 Trustee's Application for Order Authorizing Employment of Gindler, Chappell, Morrison & Co. PC as General Accountant to Trustee and Estate* (the "<u>Application</u>")[1] filed by Gregory Milligan, Chapter 11 Trustee ("<u>Trustee</u>") of the bankruptcy estate of 3443 Zen Garden, (the "<u>Debtor</u>"), pursuant to Sections 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014, Local Bankruptcy Rules 2014 and 2016; and the Court, having considered the Application, the Schiffgens Declaration, the record in the above-captioned

---

[1] Capitalized terms not otherwise defined herein are used as defined in the Application.

bankruptcy case, and the representations of the Trustee and counsel; and the Court having jurisdiction to consider the Application and the relief requested therein under 28 U.S.C. §§ 157 and 1334; and this Court having determined that the Trustee's notice of the Application and opportunity for a hearing were adequate and appropriate under the circumstances and no other notice need be provided; and the Court being satisfied, based on the representations made in the Application and the Schiffgens Declaration, that the legal and factual bases set forth therein establish just cause for the relief requested therein; and this Court having found and determined that the relief requested in the motion is necessary and beneficial to the Estate and in the best interest of the Estate, its creditors, and other parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Application is GRANTED.

2.      The Trustee is authorized, but not directed, pursuant to Sections 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014, Local Bankruptcy Rules 2014 and 2016, to employ and retain Gindler, Chappell, Morrison & Co. PC as general accountant to the Trustee and the Estate, to provide professional services including but not limited to the terms and for the purposes set for in the Application and the Engagement Agreement.

3.      The Trustee shall compensate GCMC in accordance with the terms of the Engagement Agreement as approved by the Court under section 328(a) of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any further order of the Court. The Trustee is authorized, but not directed, to pay GCMC $8,500 for the preparation of tax returns upon GCMC's submission of same to the relevant taxing authorities as described more fully in the Engagement Agreement, without further application to this Court.

4.      The Trustee and GCMC are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

5.      Notice of the Application as described in the Certificate of Service contained therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

6.      To the extent the Application, Schiffgens Declaration, or Engagement Agreement is inconsistent with this Order, the terms of this Order shall govern. To the extent the Application or the Schiffgens Declaration are inconsistent with the Engagement Agreement, the Engagement Agreement shall govern.

7.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.


# # #

PREPARED AND SUBMITTED BY

Jason M. Rudd, Tex. Bar No. 24028786
Scott D. Lawrence, Tex. Bar No. 24087896
Daniella G. Heringer, Tex. Bar No. 24103460
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 100
Dallas, Texas 75204
Telephone: (214) 692-6200
Facsimile:  (214) 692-6255
jason.rudd@wickphillips.com
scott.lawrence@wickphillips.com
daniella.heringer@wickphillips.com

**COUNSEL FOR GREGORY MILLIGAN,**
**CH. 11 TRUSTEE FOR 3443 ZEN GARDEN, L.P.**

**EXHIBIT B**

*Declaration*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 1:20-10410-HCM |
| 3443 ZEN GARDEN, L.P. | § | |
| | § | Chapter 11 |
| DEBTOR. | § | |

DECLARATION OF MARK SCHIFFGENS, CPA IN SUPPORT OF
CHAPTER 11 TRUSTEE'S APPLICATION FOR ORDER AUTHORIZING
EMPLOYMENT OF GINDLER, CHAPPELL, MORRISON & CO. PC
AS GENERAL ACCOUNTANT TO THE TRUSTEE AND ESTATE

I, Mark Schiffgens, CPA being duly sworn, state the following under penalty of perjury:

1.      I am a tax consultant in the firm of Gindler, Chappell, Morrison & Co. PC ("GCMC"), which maintains a business address at 100 East Anderson Lane, Suite 250, Austin, Texas 78752. I am duly authorized to make this declaration (the "Schiffgens Declaration") on behalf of GCMC, proposed general accountant to Gregory S. Milligan, chapter 11 trustee ("Trustee") of the bankruptcy estate (the "Estate") of 3443 Zen Garden, L.P. (the "Debtor") in the above-captioned chapter 11 bankruptcy case (the "Case").

2.      I make this declaration (the "Declaration") in support of the Trustee's Application for Order Authorizing Employment of Gindler, Chappell, Morrison & Co. PC as General Accountant to the Trustee and Estate (the "Application") and to provide the disclosures required under Sections 327, 328, 329, and 504 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Bankruptcy Rules 2014 & 2016.

3.      Attached hereto as **Exhibit 1** is a true and correct copy of the form of the engagement agreement (the "Engagement Agreement") between the Trustee and GCMC which contains the terms upon which GCMC proposes to represent the Estate.

---

4.      The facts set forth in this Declaration are personally known to me based upon personal knowledge, unless otherwise noted, and if called as a witness I would and could competently testify thereto. To the extent that any information disclosed herein requires amendment or modification, I reserve the right to submit a supplemental statement to the Court.

## GCMC'S QUALIFICATIONS & SCOPE OF WORK

5.      The Debtor retained GCMC prior to March 22, 2020 (the "Petition Date") to prepare the Debtor's federal income tax returns and performing general accounting work.

6.      GCMC is well-qualified to serve as general accountant to the Estate because it served as the Debtor's general accountant prepetition. The certified public accountants at GCMC proposed to represent the Trustee have extensive experience in the areas of the tax consulting and corporate accounting. GCMC has significant expertise and experience representing clients like the Debtor for tax preparation and planning, as well as other accounting services. Because of GCMC's existing relationship and familiarity with the Debtor, I believe GCMC is uniquely able and well-qualified to represent the Trustee and the Estate efficiently.

## PROFESSIONAL COMPENSATION

7.      I will be the primarily responsible professional at GCMC handling the representation of the Trustee. Additionally, the services of other certified public accountants at GCMC may be utilized to take advantage of available expertise and economic efficiencies. Subject to the Court's approval, GCMC will charge the Trustee for its accounting services on an hourly basis at $195 per hour for Mark Schiffgens' time, $125 per hour for Mr. Schiffgens' assistants, and $100 to $200 per hour for others' time, as stated in the Engagement Agreement. GCMC has also agreed to accept a flat fee of $8,500 for the preparation of the Debtor's tax returns for the 2019 tax year.

8.     It is GCMC's practice to seek reimbursement from its clients for all reasonable and necessary out-of-pocket expenses incurred in connection with its representation, including postage, delivery charges, photocopying charges, travel expenses, computerized research charges, transcription charges, and filing fees. GCMC customarily maintains detailed records of any actual and necessary or appropriate costs and expenses incurred in connection with the aforementioned accounting services. GCMC will charge the Trustee for such expenses in a manner and at rates consistent with charges made generally to GCMC's other clients and consistent with normal practices.

9.     GCMC intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and orders of the Court. GCMC has not received any retainer or other funds from the Trustee or any other person or entity related to its proposed representation of the Trustee in the Case.

## COMPENSATION RECEIVED FROM THE DEBTOR AND PREPETITION CLAIM

10.     Other than as set forth in the Schiffgens Declaration, there is no proposed arrangement between the Debtor or Trustee and GCMC for compensation in the Case. GCMC has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

## GCMC' DISINTERESTEDNESS

11.     In connection with the preparation of this Declaration, GCMC, to the best of its ability, conducted an analysis to determine whether GCMC holds or represents any known interests adverse to the Debtor or other significant parties in interest listed in **Exhibit 2** hereto. All presently known connections are described in **Exhibit 3** hereto.

12.     GCMC served as the Debtor's tax return preparer and accountant prepetition. After the Petition Date, GCMC provided some assistance to the Debtor with the preparation of its schedules. The Debtor did not pay any invoices for GCMC's or my work for more than 90 days prior to the Petition Date nor did it pay anything for GCMC's or my work after the Petition Date. I am aware that the Debtor's schedules of assets and liabilities contain an entry indicating that the Debtor owed me and my firm $21,157.00 as of the petition date. *See* ECF No. 48, p. 25, Item 3.22. GCMC and I have agreed to waive that claim and any other prepetition claim GCMC or I have against the Estate as a condition of the retention proposed in the Application, and have also agreed to waive any claim relating to GCMC's or my work with respect to assistance in preparation of the Debtor's schedules.

13.     As can be expected with respect to any professional services firm such as GCMC, GCMC may provide services to clients with interests in the Case. To the best of my knowledge, GCMC's services for such clients, if any, do not relate to the Case.

14.     In addition, GCMC has in the past been involved in a number of unrelated matters with various professionals involved in this Case, both in adverse and non-adverse roles. All of these matters were and remain unrelated to the Case.

15.     GCMC has a well-known accounting practice, which encompasses the representation of many investors, financial institutions, and other persons or entities, some of which may become creditors or parties in interest in the Case. GCMC has not and will not represent any creditors, investors, potential acquirers, parties in interest, attorneys, financial advisors, accountants, or any other entity in connection with the Case.

16.     Further, to the best of my knowledge, no employee of GCMC is an affiliate of any judge of the bankruptcy court for this district or the United States Trustee in this district.

17.    Except as disclosed in **Exhibit 3** hereto, to the best of its knowledge, GCMC has not, does not, and will not represent any of the entities listed on **Exhibit 2** (or their affiliates) in matters related to the Debtor or the Case. If any new material relevant facts or relationships are discovered or arise, GCMC will promptly file a supplemental declaration.

18.    Notwithstanding the connections disclosed above and in **Exhibit 3** hereto, GCMC is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code because GCMC: (a) has waived any claims it has against the Debtor and thus is not a creditor, equity security holder or insider of the Debtor, (b) is not and was not, within (2) years before the Petition Date, a director, officer or employee of the Debtor, and (c) does not have an interest materially adverse to the Estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

19.    To the best of my knowledge, information, and belief, other than as disclosed in this Declaration, GCMC has no connection with the Debtor, its creditors, or any other party-in-interest in the Case, or with their respective attorneys or accountants, the United States Trustee, or any person employed in the applicable Office of the United States Trustee.

20.    In preparing this Declaration, I or someone under my supervision and direction reviewed documents to determine whether GCMC has any relationship with the parties in interest in the Case. To the extent such review indicated that GCMC had or has a relationship with or connection to any interested party, such relationship or connection is disclosed herein.

21.    The disclosures above and on **Exhibit 3** hereto are based upon information reasonably available to GCMC at the time of submission of the Application to the Court. GCMC will review its files periodically during the pendency of the Case to ensure that no conflicts or

DECLARATION OF MARK SCHIFFGENS, CPA IN SUPPORT OF APPLICATION TO EMPLOY GINDLER, CHAPPELL, MORRISON & CO. PC AS GENERAL ACCOUNTANT

PAGE 5 OF 6

other disqualifying circumstances exist or arise. GCMC will supplement this Declaration as may be required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of the Court if and when any other connection requiring disclosure becomes known, as required by Bankruptcy Rule 2014(a).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge.

Dated: July 7, 2020

Mark Schiffgens, Certified Public Accountant
Gindler, Chappell, Morrison & Co. PC

**Exhibit 1**
*Engagement Letter*

**Gindler, Chappell, Morrison & Co. P.C.**
**Certified Public Accountants**
**100 E. Anderson Lane**
**Austin, Texas 78752**
**Telephone (512) 833-9600**
**Cellular (512) 657-2291**

July 6, 2020

Re:     3443 Zen Garden LP

        Tax and Accounting Services

Dear Scott:

We appreciate the opportunity to provide income tax and accounting work for 3443 Zen Garden LP. To ensure a complete understanding between us, we are setting forth the pertinent information about the services that we will perform on your behalf.  We have prepared the 2019 partnership tax return for 3443 Zen Garden LP and the related State of Texas Franchise tax return.  The return is ready for filing.  The tax returns were prepared after the bankruptcy filings.  In addition, we prepare the accounting on 3443 Zen Garden LP including tracking all construction cost on the project and the related draws.   We will not audit or otherwise verify the accounting data submitted and we perform our tax services under the assumption that all the information is true, complete and accurate according to documents and other information retained in your files. We have access to all support documents at the time we prepare the accounting and tax returns, and reconcile cash, receivables and accounts payables.

Please contact us if you receive any correspondence or notices from the Internal Revenue Service or Franchise Tax Board.

FEES. The tax preparation fee for the 2019 Federal and State of Texas Franchise tax returns for 3443 Zen Garden Ltd Partnership is $8,500.  All other service will be billed at our standard hourly rates.  Our hourly rate is a range from $100 to

$195 per hour depending on the work performed.  My billing rate is $195 per hour and the rate for assistants is $125per hour.

Any items, which may be resolved against you by the examining agent, are subject to certain rights of appeal. In the event of any tax examinations, we will be available, upon request, to represent you. Billing for such additional services is at our standard hourly rates previously stated for the nature of services performed. Generally, we will bill after we complete the returns, for time spent plus out-of-pocket expenses and reasonable costs of collection incurred on your behalf. However, progress billings may be prepared for returns that cannot be completed due to incomplete information from you. Our invoices are due and payable on presentation.

We are required to keep all information about our engagement confidential so we will not make any disclosure about you unless we have your approval or are required/permitted by law. This applies even if you are no longer a client. We are committed to safekeeping of your confidential information and we maintain physical, electronic, and procedural safeguards to protect it. Generally, all original records, which will be returned to you, comprise the backup and support for your income tax returns. Our records and files are our property and not a substitute for your own records. Our firm destroys client files after a retention period of seven (7) years, after which time these items will no longer be available. Also, catastrophic events or physical deterioration may result in our records being unavailable.

If the above fairly sets forth your understanding, please sign on the line below and return it to us. This letter will be in effect regarding our engagement and can be terminated any time by either party.

We appreciate the opportunity and look forward to working with your office.

Sincerely,

Mark Schiffgens CPA

Accepted:

_____ Date_____

Gregory S. Milligan, Chapter 11 Trustee for the Bankruptcy Estate of

3443 Zen Garden, L.P.


List of parties in interest that I have worked with professionally include:

3443 Zen Garden LP

3443 Zen Garden GP, LLC

Adam Zarafshani    including entities owned by spouse Fara Ranjbaran

Dan White

Eightfold Development LLC

Panache Development Inc

Summer Legacy

Austin Viie LLC        previously Eightfold Development LLC

1801 Ventures LLC

Lincoln 1861 Inc.

## Exhibit 2 - List of Parties in Interest
*In re 3443 Zen Garden, L.P.* Case No. 1:20-10410-HCM, Bankr. W.D. Tex.

**Party in Interest**

3443 Zen Garden, LP
3443 Zen Garden GP, LLC
1468527 Alberta Ltd.
ABC Supply Co., Inc.
ACM Services, LLC
Adam Zarafshani
Adapt Global, Inc.
Aero Photo
Ahern Rentals
Allied Sales Company
Austin Commercial & Residential Plumbing
Austin Glass & Mirror
Austin Viie LLC
BPI
Blu Fish Collaborative, Inc.
Blue Roots International, Ltd.
CT Laborers Electric, LLC
Capital Industries, LLC
Capital Pumping, LP
City of Austin
DM's Construction Equipment Repair
Dan White
Doucet Engineering
ECS Group of Companies
ECS Southwest
Eightfold Development, LLC
Equipment Share
Equipmentshare.com, Inc.
Fara Ranjbaran
Ferguson Enterprises Inc.
Ferguson Waterworks, LLC
Fritz, Byrne, Head & Gilstrap
Frontier Plastering
GSC Architects
GeoTest Inc.
Gindler, Chappell, Morrison & Co. PC
Glass.com of Illinois
Great Lakes Lifting Solutions
Hays County, Texas
Hill Country Electric Supply
Hilti Inc.
Hinshaw & Culbertson
Hollandstone
Hull Supply, Inc.

Jefferson 1801 Ventures, LLC
Jeremie Schultz
Keytech North America
Koetter Fire Protection of Austin, LLC
Lincoln 1861, LLC
Lone Star Materials
MLA Geotechnical
MOHD Service Solutions LLC
Mark Schiffgens, CPA
McMinn Land Surveying Company
Mint Engineering, LLC
Mobile Mini Storage Solutions
NLB Corp.
Nathan Olson
Oldcastle Materials, Inc Texas Concrete
Panache Development & Construction
Paradigm Glass
Praxair Distribution, Inc.
Professional Flooring
Professional StruCivil Engineering
Purple Tree International, Ltd.
Ram Tool Supply
Regal Plastics Supply Company, Inc
Reinhart & Associates, Inc.
Rob Roy Parnell
Rob Roy Parnell, Receiver
Roca
Romspen Mortgage Limited Partnership
Ruiz Testing Services, Inc.
Schindler Elevator Corp.
Sigmax Corporation
SpaceCo
Structures, Inc.
Summer Legacy
Sweep Across Texas
Tech 3443
Texas Air Industries
Texas Air, LLC
Texas Crane Service
The Bug Master
Trane
Travis County, Texas
Wemberley Metal Buildings

**Party Attorneys**
Catherine Porter
Christopher Stanley
G. Stewart Whitehead
J. Austen Irrobali
Jeffrey M. Tillotson
Jonathan R. Patton
Terrence L. Irion
Mark T. O'Toole
Kell C. Mercer
Mark T. Mitchell
Lisa M. Norman
Paul Jordan
Tara LeDay
Thomas Scannell
Richard J. Wallace, III
Misti L. Beanland
Jason M. Rudd
Scott D. Lawrence
Daniela G. Heringer

**United States Trustee Parties**
United States Trustee (SMG111)
Brian Henault
Catherine Sughrue
Deborah Bynum
Di Ann Chavez Estrada
Henry G. Hobbs
Shane P. Tobin

**Trustee Parties**
Gregory S. Milligan
Harney Partners
Erik White
Wick Phillips Gould & Martin LLP
Sprouse Shrader Smith PLLC
Foran O'Toole & Burke LLC

## Exhibit 3
*Known Connections*

### A. Connection to the Trustee

GCMC has no prior connections to the Trustee or any of the professionals the Trustee has hired to represent the Estate in the Case.

### B. Connections to the Debtor:

GCMC served as accountant and tax preparer to the Debtor prepetition. In this capacity, GCMC met with and discussed tax and accounting matters with Adam Zarafshani and Dan White. I also met with Adam Zarafshani to discuss the production of the Debtor's schedules and assisted him with compiling them.

GCMC reviewed books and records related to the Debtor in 2018, which included books and records provided by Eightfold Development LLC, now known as Austin Viie, LLC, and worked with Dan White and Adam Zarafshani and their affiliated entities Jefferson 1801 Ventures, LLC and Lincoln 1861, Inc., to assist in the formation of the Debtor.

In its capacity as accountant for the Debtor, GCMC prepared tax forms provided to Jefferson 1801 Ventures, LLC and Lincoln 1861, Inc.

### C. Connections to Other Parties in Interest

GCMC has served as accountant or tax preparer or both to Panache Development Inc., Adam Zarafshani, entities owned by Adam Zarafshani, Fara Ranjbaran, entities owned by Fara Ranjbaran, and Summer Legacy. GCMC does not currently serve as accountant for any of these individuals or entities and has not been retained to prepare 2019 tax returns for any of these individuals or entities.

3443 Zen Garden, LP
3443 Ed Bluestein Blvd.
Austin, TX 78721-2912

United States Trustee
903 San Jacinto Blvd,
Suite 230
Austin, TX 78701-2450

US Bankruptcy Court
903 San Jacinto, Suite 322
Austin, TX 78701-2450

3443 Zen Garden GP, LLC
c/o Rob Roy Parnell,
Receiver
241 McKellar Road
Dripping Springs, TX 78620

ABC Supply Co Inc.
PO Box 840899
Dallas, TX 75284-8099

Aero Photo
4000 16th Street North
St. Petersburg, FL 33703

Ahern Rentals
PO Box 271390
Las Vegas NV 89127-1390

Allied Sales Company
PO Box 6116
Austin, TX. 78762-6116

Austin Commercial &
Residential Plumbing
2407 S. Congress Ave, Ste132
Austin TX 78704-5505

Adam Zarafshani
3443 Ed Bluestein Blvd.,
Building V
Austin, TX 78721-2912

BPI
PO Box 405300
Atlanta, GA. 30384-5300

Blu Fish Collaborative, Inc.
PO Box 40792
Austin, TX. 78704-0014

CT Laborers Electric, LLC
188 Alaska Road
Uhland, TX 78640-6644

Capital Industries, LLC
2105 Donley Dr., Ste. 200
Austin, TX 78758-4510

United States Trustee-AU12
903 San Jacinto Blvd, Ste 230
Austin, TX 78701-2450

City of Austin c/o Anne
Morgan
301 W. 2nd Street
Austin, TX 78701-4652

DM's Construction
Equipment Repair
518 Yucca Drive
Round Rock TX 78681-7411

The Bug Master
1912 Smith Rd
Austin, TX 78721-3547

Eightfold Development, LLC
3443 Ed Bluestein Blvd.,
Building V, Sui
Austin, TX 78721-2912

Equipment Share
2511 Broadway Bluffs Dr.,
Ste. 202
Columbia, MO 65201-8142

Great Lakes Lifting
Solutions
4910 Wilshire Blvd
Country Club Hills, IL
60478-3153

Rob Roy Parnell
c/o G. Stewart Whitehead
Winstead, PC
401 Congress Avenue Ste 2100
Austin, TX 78701-3798

Ferguson Waterworks, LLC
#1106 4427 Factory Hill
Drive
San Antonio, TX. 78219-2704

Fritz, Byrne, Head & Gilstrap
221 West Sixth Street, Ste
960
Austin TX 78701-3444

Frontier Plastering
PO Box 1455
Elgin TX 78621-1455

GSC Architects
3100 Alvinn
Devanne Bldg. A
Ste. 200-B
Austin, TX 78741-7406

Keytech North America
20 PGA Drive Suite 201
Stafford VA 22554-8218

Hilti Inc.
PO Box 650756
Dallas, TX 75265-0756

Hinshar & Culbertson
151 North Franklin St.,
Ste. 2500
Chicago, IL 60606-1915

Hollandstone
PO Box 50058
Austin TX 78763-0058

Hull Supply, Inc.
5117 East Cesar Chavez
Austin, TX 78702-5142

Jeremie Schultz
6555 Hwy 140 W
Puryear TN 38251-3943

MLA Geotechnical
2800 Longhorn Blvd Suite 104
Austin, TX. 78758-7624

MOHD Service Solutions LLC
3701 E. Plano Parkway Ste
400
Plano, TX. 75074-1806

Mark Schiffgens, CPA
100 E. Anderson Lane Ste
250
Austin, TX 78752-1233

McMinn Land Surveying Company
4008 Greenmountain Lane
Austin TX 78759-7570

Mint Engineering, LLC
5130 Mansfield View Court
Austin TX 78732-1854

Mobile Mini Storage
Solutions
4646 East Van Buren Street
Suite 400
Phoenix, AZ 85008-6927

NLB Corp.
29830 Beck Road
Wixom Michigan 48393-2824

Nathan Olson
11308 Wet Season Dr.
Austin, TX 78754-5855

Oldcastle Materials, Inc
Texas Concrete
1320 Arrow Point Dr Ste
600
Cedar Park, TX 78613-2189

Summer Legacy
PO Box 144151
Austin TX 78714-4151

Paradigm Glass
9603 Saunders Lane, #B-2
Austin TX 78758-5230

Praxair Distribution, Inc.
Dept 0812 PO Box 120812
Dallas, TX 75312-0812

Professional Flooring
PO Box 7558
Fort Worth, TX 76111-0558

Professional StruCivil
Engineers Inc
2205 W. Parmer Ln. #201
Austin TX 78727

Ram Tool Supply
8013 Exchange Dr.
Austin, Tx 78754-4713

Regal Plastics Supply
Company, Inc
9200 N. Royal Ln. Suite 120
Irving, TX. 75063-2468

Reinhart & Associates, Inc.
P.O. Box 140105
Austin, TX 78714-0105

Trane
PO Box 845053
Dallas, TX 75284-5053

Rob Roy Parnell, Receiver
251 McKellar Road
Dripping Springs, TX 78620-4884

Roca
11190 NW 25th Street
Miami, FL 33172

Ruiz Testing Services, Inc
10854 Gulfdale St.
San Antonio, Tx 78216-3607

Schindler Elevator Corp.
2020 Centimeter Center
Austin, TX 78758-4956

Sigmax Corporation
321 N. Oakhurst Dr.#602
Beverly Hills, CA 90210-4175

Structures
6926 N. Lamar Blvd
Austin, TX. 78752-3508

Sweep Across Texas
1512 Dungan Lane
Austin, TX 78754-4022