Filed in The District Court of Travis County, Texas

NOV 26 2019 p25

At 2:44 P.M.

Velva L. Price, District Clerk

Unofficial copy Travis Co. District Clerk Velva L. Price

CAUSE NO.: D-1-GN-19-007269

| | | |
|---|---|---|
| DANIEL WHITE, an individual, | § | IN THE DISTRICT COURT |
| 3443 ZEN GARDEN LIMITED | § | |
| PARTNERSHIP, a Texas limited partnership, | § | |
| EIGHTFOLD DEVELOPMENT, LLC, | § | |
| a Texas limited liability company, and | § | |
| ADAM ZARAFSHANI, an individual, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| ROMSPEN MORTGAGE LIMITED | § | |
| PARTNERSHIP, | § | |
| Defendant. | § | 261st JUDICIAL DISTRICT |

## AGREED ORDER APPOINTING RECEIVER

This matter, having come before me, the undersigned judge duly presiding over the above-captioned lawsuit, on the *Agreed Application to Appoint Receiver* ("Application"),[1] respectfully submitted by the named parties remaining in this action and supported by the signatures of all other necessary and interested parties to the terms and subject matter scope of this Agreed Order, such Application seeking the appointment of a receiver over the Project. In contemplation of the appropriate action to benefit the best interests of all parties involved and the best interests of the Project, and in further consideration of the agreement of all necessary parties under the scope of this Agreed Order, as evidenced by the signatures below, and the Court having concluded that it has subject matter jurisdiction over this action, personal jurisdiction over the parties signing this Agreed Order, and *in rem* jurisdiction over the Project subject to the terms of this Agreed Order, it appears that this Agreed Order is both necessary and appropriate to marshal, conserve, hold and, where necessary, operate every aspect of the Project within the sound discretion of the Receiver appointed hereunder, subject to the supervision, approvals and further orders of the Court.

---

[1] All terms used herein shall bear the meanings assigned in the Application.

1

IT IS THEREFORE ORDERED that:

1. The Project and all operations, actions, decisions, control, and disposition thereof (including a sale of the Project by the Receiver), related thereto, appurtenant thereto or otherwise arising therefrom in any way, is placed under the exclusive jurisdiction and possession of the Court. The Court assumes exclusive control over all decision-making authority and all assets, monies, securities, properties, real and personal, tangible and intangible, of whatever kind and description, wherever located, and the legally recognized privileges arising from some property, in any way related to or in connected with the Project.

2. Rob Roy Parnell, AIA, RAS of Rob Roy Parnell, Inc., 251 McKellar Road, Dripping Springs, TX 78620, 512-784-3699, robroy.parnell@gmail.com, is hereby appointed as the receiver ("Receiver") for the Project, with the full power of an equity receiver under common law as well as such powers as are enumerated herein as of the date of this Agreed Order. The Receiver shall not be required to post a bond unless directed by the Court, but is hereby ordered to well and faithfully perform the duties of his office, to timely account for all monies, securities, and other properties, which may come into his hands, and to abide by and perform all duties set forth in this Agreed Order. All actions and decisions implemented under the Receiver's discretion, as such authority is hereby granted to the Receiver under this Agreed Order, shall be taken in absolute good faith and implemented with the sole motivation to accomplish and forward the best interests of the Project and the welfare of all parties and persons affected by the development of the Project. The Receiver's sole and exclusive decision-making authority and discretion in regards to the Project shall be exercised in good faith and subject only to the supervision, approvals and orders of this Court. The Receiver's sole decision-making authority and exclusive discretion in regards

2

to the Project are not subject to the approvals or influence of any party to this action or any interested persons, specifically including, without limitation, the parties signing this Agreed Order.

3. Except for an act of willful malfeasance or gross negligence, the Receiver shall not be liable for any loss or damage incurred by any party in connection with the Project. The Receiver is hereby granted, empowered and holds the sole and exclusive decision-making authority and discretion in regards to all actions taken, affecting, impacting, relating to, arising from, in regards to or in any way connected to the Project, including any development and/or disposition thereof (expressly including, without limitation, a sale of the Project to a third party buyer for fair market value). The Receiver has a continuing duty to ensure that there are no conflicts of interest between the Project and the Receiver, the professionals hired by the Receiver, the contractors hired by the Receiver, the agents hired by the Receiver and any other persons taking action on behalf of or pursuant to instructions from the Receiver.

4. As it concerns, relates to, arises from or in any way impacts or affects the Project, the Receiver shall *exclusively* possess all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of Zen Garden under applicable state and federal law, by the governing charters, by-laws, articles, partnership agreements, company agreements, contracts and/or any other agreements concerning the authority to manage or make decisions concerning the Project ("Company Governance Documents"). In addition to and without limiting the foregoing in any way, as it concerns, relates to, arises from or in any way impacts or affects the Project, the Receiver shall *exclusively* possess all powers, authorities, rights and privileges of a receiver at equity and all powers conferred upon a receiver pursuant to all applicable Texas law. The Company Governance Documents shall be deemed duly and properly amended, superseded, and modified to the extent applicable to enforce the terms of

3

this Agreed Order. To the extent any conflict exists between the terms of the Company Governance Documents and the terms of this Agreed Order, the terms of this Agreed Order control.

5. For the sake of clarity, the Receiver possesses the sole and exclusive authority and decision-making power to transfer ownership of the Project or otherwise dispose of any property ownership interests in the Project in any way (including, without limitation, a sale to a third party for fair market value). For the sake of clarity, the Receiver possesses the sole and exclusive authority and decision-making power to place the Project and/or Zen Garden under any bankruptcy proceedings, receivership proceedings, assignment for the benefit of creditors or any other insolvency proceedings, whether legal, administrative or equitable, as such proceedings may impact or affect the Project in any way.

6. As it concerns, relates to, arises from or in any way impacts or affects the Project, all of the trustees, attorneys, agents, employees, accountants, attorneys, investment advisors, brokers, contractors, officers, directors, managers, equity holders, members, and general and limited partners of and/or hired by Zen Garden ("Prior Persons") are hereby dismissed and the powers of all such Prior Persons are hereby suspended. All of the Prior Persons shall have no authority or decision-making power as it concerns, relates to, arises from or in any impacts or affects the Project, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume the *exclusive* control and authority over the operation of the Project.

7. No person or entity holding or claiming any position of any sort with Zen Garden or in any way previously connected to the Project, including, without limitation, all Prior Persons, shall possess any authority to act by or on behalf of Zen Garden or any other person or party as it concerns, relates to, arises from or in any impacts or affects the Project, except to the extent as may hereafter be expressly granted by the Receiver.

4

8. The duties of the Receiver shall be specifically limited to matters relating to or arising from the Project. Nothing in this Agreed Order shall be construed to require further investigation by the Receiver concerning the Project that occurred prior to the issuance of this Agreed Order. However, this paragraph shall not be construed to limit the powers of the Receiver in any regard with respect to transactions related to or affecting the Project that may have occurred prior to the date of this Agreed Order.

9. Until further order of this Court, the Receiver is authorized to immediately take and have complete and exclusive control, possession, custody, and decision-making authority over the Project and all actions and transactions related to or affecting the Project in any way. For the sake of clarity, the Receiver shall not be deemed to supplant or replace Zen Garden as a party to any contracts arising from the Project or Zen Garden as the owner of the Project. The Receiver shall not be deemed to be a successor-in-interest to Zen Garden on any contracts arising from the Project or Zen Garden as the owner of the Project. Rather, the Receiver shall be deemed to be the sole and exclusive person and entity authorized to implement actions on behalf of Zen Garden as the same related to or impact the Project in any way.

10. As of the entry of this Agreed Order, the Receiver shall bear the exclusive authority to take the following actions, and is specifically directed and authorized to perform the following duties:

   A. Maintain full control over the Project with the power to retain or remove, as the Receiver deems necessary or advisable, any officer, director, agent, independent contractor, employee or other person involved in the development or connected to the Project in any way;

5

B. Evaluate and pursue a sale of the Project to a third party for fair market value as a primary alternative to advance the best interests of the Project and all parties involved. Development and construction of the Project will continue prior to and during the interim of the Receiver's sales and marketing process to preserve the status quo of the Project and maximize the value of the Project in connection with the Receiver's efforts to sell the Project. For the sake of clarity, the Receiver shall obtain the Court's approval prior to completing, consummating and closing on the sale of the Project and/or conveying any property interests in the Project away from Zen Garden. Any such sale, conveyance or disposition of all or any portion of the Project without the prior written order of the Court entered on the docket of the above-captioned action will be of no force or effect and such attempted sale, conveyance or other disposition without approval by order of the Court shall be null and void. All parties in interest reserve all rights to object, oppose or participate in the Receiver's proceedings with the Court requesting to convey all or any portion of the Project. Any such order of the Court approving the sale, conveyance or other disposition of the Project shall address the manner of distribution of the net sale proceeds obtained by the Receiver in exchange for such sale, conveyance or other disposition;

C. Collect, marshal, secure, and take exclusive custody, control and possession of the Project and all assets, books, records, goods, property, real or personal, tangible or intangible, chattel, rights, credits, monies, effects, leases, contracts, work papers, records of accounts, financial records, computer maintained information, financial institutions or any other documents and information traceable to the Project and

6

under the control of Zen Garden, Eight Fold, A. Zarafshani and/or D. White and any of their respective affiliates, family members, agents, attorneys, independent contractors or other persons acting in concert therewith or under their instructions to the extent related to or affecting the Project in any way;

D. Institute such actions or proceedings to impose a constructive trust, obtain possession, and/or recover judgment with respect to persons or entities who received assets or records traceable to the Project, with all of such actions to be filed in this Court under the above-captioned laws;

E. Obtain, by presentation of this Agreed Order, documents, books, records, accounts, deposits, testimony, or other information within the custody or control of any person or entity sufficient to identify accounts, properties, liabilities, causes of action, or employees related to or affecting the Project. The attendance of a person or entity for examination and/or production of documents may be compelled in a manner provided under the Texas Rules of Civil Procedure, or as provided under the laws of any foreign country where such documents, books, records, accounts, deposits, or testimony may be located;

F. Without breaching the peace, and if necessary, with the assistance of local peace officers to enter and secure any premises, wherever located or situated, including, without limitation, the Project, in order to take possession, custody, or control of, or to identify the location or existence of, assets and/or records relating to or affecting the Project, of which belong to and are subject to the Receiver's sole and exclusive possession, custody and control;

7

G. Obtain credit, incur debt and/or make any payments, distributions and disbursements from and on behalf of Zen Garden as the Receiver deems advisable or proper for the marshaling, maintenance, preservation, development and/or disposition of the Project. The Receiver is further authorized to contract and negotiate on behalf of Zen Garden with any persons for the purpose of compromising, settling or engaging in any transaction relating to or affecting the Project in any way. To this purpose, in those instances in which the Receiver may be required to transfer assets of Zen Garden to secure any indebtedness or resolve any claims or disputes arising from or affecting the Project in any way, the Receiver must obtain advance approval by written order of the Court prior to the Receiver implementing any action to surrender, convey, encumber or otherwise dispose of any assets of Zen Garden to the extent necessary to develop, dispose of or otherwise advance the best interests of the Project;

H. Perform all acts necessary to conserve, hold, manage, and preserve the value of the Project in order to prevent any loss, damage or injury to the Project;

I. Enter into such agreements in connection with the administration, development and/or disposition of the Project, including, without limitation, the employment of a real estate broker to market the Project for sale, the employment of independent contractors, agents, managers, custodians, consultants, attorneys, investigators, and accountants, as the Receiver judges necessary to perform the Receiver's duties set forth in this Agreed Order. All of such appointments and engagements must be subject to an approval order of this Court and only approved upon strict evidentiary proof by the Receiver that such persons are necessary to protect and promote the

8

best interests of the Project and all the welfare of all persons' interests in and to the Project. The Receiver and any such persons engaged or hired by the Receiver under this Agreed Order shall not receive any compensation unless approved by a prior written order of this Court;

J. Subject to the Receiver's obligation to expend funds in a reasonable and cost-effective manner, which must strictly conform to advancing the best interests of the Project and the welfare of all parties interested in the Project, the Receiver is authorized to investigate, institute, prosecute, compromise, adjust, intervene in, or become a party to such actions or proceedings in state, federal or foreign courts of competent jurisdiction that the Receiver deems necessary and advisable to preserve the value of the Project and advance the best interests of the Project and the welfare of all parties interested in the Project, or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Agreed Order and likewise to defend, compromise, or adjust or otherwise dispose of any or all actions or proceedings instituted in connection with or affecting the Project that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order to advance the best interests of the Project and the welfare of all parties interested in the Project;

K. Preserve the Project and minimize expenses incurred in furtherance of advancing the best interests of the Project and the welfare of all parties interested in the Project;

L. To take all actions to manage, maintain, develop, preserve, dispose of and/or wind-down the business operations arising from and/or relating to the Project, including

making any legally required payments to creditors, subcontractors, independent contractors, agents and other third parties employed (subject to professionals engaged by the Receiver requiring advance Court approval before receiving any compensation in exchange for services rendered to the Receiver) and communicating with vendors, investors, governmental and regulatory authorities, and other third parties, as appropriate to advance the best interests of the Project and the welfare of all parties interested in the Project;

M. Prepare and submit periodic reports to the undersigned parties, as reasonably requested by such parties; and

N. Subject to and in accordance with the provision of this Agreed Order, file with the Court requests for approval of reasonable and necessary fees to be paid to the Receiver and any person or entity retained by the Receiver with interim and final accountings for any reasonable expenses incurred and paid pursuant to this Agreed Order.

11. Upon the request of the Receiver, local peace officers are hereby ordered to assist the Receiver in the enforcement of the terms of this Agreed Order, including, without limitation, assisting the Receiver in carrying out the Receiver's duties to take possession, custody, or control of, or identify the location of, the Project and any assets or records traceable to, arising from, related to or affecting the Project in any way.

12. The undersigned parties to this Agreed Order, all Prior Persons, and all persons, agents, contractors, and other entities in active concert with, under their direction or supervision, acting on their behalf, subject to their instructions, or in participation with any of the foregoing persons are hereby ordered, restrained and enjoined from, directly or indirectly, disposing,

destroying, converting, damaging, selling, gifting, conveying or otherwise exercising any control over the Project or any part thereof and/or making any such dispositions or expenditures of assets arising from or related to the Project. A copy of this Agreed Order may be served on any entity, bank, broker, contractor, subcontractor, financial or depository institution or any other person to ensure compliance with, enforce, and/or restrain and enjoin any such persons or entities from violating the terms of this Agreed Order.

13. The undersigned parties to this Agreed Order, all Prior Persons, and all persons, agents, contractors, and other entities in active concert with, under their direction or supervision, acting on their behalf, subject to their instructions, or in participation with any of the foregoing persons are hereby ordered, restrained and enjoined from, directly or indirectly, doing any act or thing whatsoever to interfere with the Receiver's enforcement of the terms of this Agreed Order, including, without limitation, the Receiver's taking exclusive custody, control, possession and management over the Project. For the sake of clarity, the undersigned parties to this Agreed Order, all Prior Persons, and all persons, agents, contractors, and other entities in active concert with, under their direction or supervision, acting on their behalf, subject to their instructions, or in participation with any of the foregoing persons are hereby ordered, restrained and enjoined from, directly or indirectly, taking any action to harass or impede the Receiver's performance of the duties imposed on the Receiver under this Agreed Order or the exclusive jurisdiction of this Court over the enforcement of the terms of this Agreed Order, specifically including, without limitation, the filing or prosecuting of any actions or proceedings which involve the Receiver or which affect the Project, including any proceeding initiated pursuant to Title 11 of the United States Code ("Bankruptcy Code"), except upon advance written order of the Court authorizing any such bankruptcy, receivership, assignment for the benefit of creditors, or other insolvency-based

11

litigation proceedings, whether legal, equitable or administrative in nature. Unless otherwise authorized by order of this Court, any and all disputes concerning the Receiver and/or relating to or arising from the Project shall be filed in this Court.

14. Upon presentment of this Agreed Order, all persons, including financial institutions, shall provide account-balance information, transaction histories, all account records, all books, contracts and other documentation and information related to or arising from the Project in any way to the Receiver or the Receiver's duly appointed agent and/or contractors in the same manner as such documents and information are stored in the ordinary course of such custodian's business. All Prior Persons, as well as all those persons or entities acting in their place and/or subject to their instructions or acting in concert therewith, are hereby ordered and directed to preserve and turn over to the Receiver forthwith all paper and electronic information of, and/or relating to, the Project; such information shall include, but is not limited to, books, records, documents, accounts, contracts, communications and all other instruments and papers.

15. Within ten (10) days of the entry of this Agreed Order, all Prior Persons, as well as all those persons or entities acting in their place and/or subject to their instructions or acting in concert therewith, are hereby ordered and directed to preserve and turn over to the Receiver a sworn statement, listing: (a) the identity, location and estimated value of all property, books, records, contracts and other assets related to and/or appurtenant to the Project; and (b) the names, identities, and contact information (telephone, address, email) of all employees, contractors, subcontractors, accountants, attorneys, other personnel, and any other agents providing goods or services to or in connection with the Project.

16. All Prior Persons, and their past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, contractors, subcontractors, debtors, creditors,

12

and general and limited partners, as well as all those persons or entities acting in their place and/or subject to their instructions or acting in concert therewith, are hereby ordered, compelled and directed to: (a) answer under oath and penalty of perjury all questions which the Receiver may put to them and produce all documents and information (i) as required by the Receiver to perform the mandate placed upon the Receiver under the terms of this Agreed Order, or (ii) otherwise relevant to the operation or administration of the Project; (b) assist the Receiver in fulfilling his duties and obligations under the terms of this Agreed Order; (c) respond fully, comprehensively, promptly and truthfully to all requests for information and documentation from the Receiver; (d) cooperate in good faith with the Receiver and his duly appointed attorneys, officers and agents on all orders and requests received from the Receiver as the Receiver deems advisable and necessary to fulfil the Receiver's duties and obligations under the terms of this Agreed Order; and (e) take any and all actions, active and constructive positive efforts as directed by the Receiver for the purpose of maximizing the value of the Project, the development of the Project and/or the disposition of the Project (including, without limitation, a sale of the Project to a third party for fair market value), as the Receiver deems advisable and necessary for the best interests of all parties involved in the Project.

17. The Receiver may issue subpoenas to compel testimony of persons and/or the production of documents and records, consistent with the Texas Rules of Civil Procedure and applicable local rules of this Court, concerning any subject matter within the powers and duties granted by this Agreed Order.

18. Unless otherwise authorized by further order of this Court, no proceedings, including, without limitation, a bankruptcy petition under the Bankruptcy Code, a receivership proceeding, an assignment for the benefit of creditors, or any other insolvency-based litigation,

whether legal, equitable or administrative in nature, may be commenced, continued or prosecuted in relation to or otherwise affecting in any way the Project and/or Zen Garden. The Receiver is the only person or entity with the *exclusive* authority to seek prior authorization from this Court before any proceedings, including, without limitation, a bankruptcy petition under the Bankruptcy Code, a receivership proceeding, an assignment for the benefit of creditors, or any other insolvency-based litigation, whether legal, equitable or administrative in nature, may be commenced in relation to or otherwise affecting in any way the Project and/or Zen Garden. This and other provisions of this Agreed Order bar any person or entity (other than the Receiver and only upon the prior order of this Court) from placing the Project and/or Zen Garden in bankruptcy, receivership, an assignment for the benefit of creditors, or other insolvency-based litigation proceedings, including, without limitation, any proceeding under the Bankruptcy Code. Zen Garden's Company Governance Documents shall be deemed duly amended and superseded for all purposes set forth in this order, and for the sake of clarity, the express corporate authority required before the Project and/or Zen Garden can be legitimately placed into any proceedings under the Bankruptcy Code, as set forth in this Paragraph 18.

19. In order to execute the express and implied terms of this Agreed Order, the Receiver is authorized to change door locks to the Project and otherwise take any security measures to preserve and maintain all aspects of the Project. The Receiver shall exclusive control over the keys and access to all or any portion of the Project.

20. The Receiver is authorized to open all mail directed to or received by or at the offices or post office boxes of Zen Garden, and to inspect all mail opened prior to the entry of this Agreed Order, to determine whether items or information therein fall within the mandates of this Agreed Order.

14

21. The Receiver is authorized to make appropriate notification to the United States Postal Service to forward delivery of any mail addressed to Zen Garden and/or relating to the Project in any way. Further, the Receiver is authorized to open and inspect all such mail to determine the location or identity of any assets traceable to the Project.

22. The Receiver is authorized to assert, prosecute and/or negotiate any claim under any insurance policy held by or issued on behalf of Zen Garden relating to the Project and take any and all appropriate steps in connection with such insurance policies to preserve, maintain, promote, advance, develop and/or dispose of the Project in the best interests of all parties and persons with interests in the Project, such persons expressly including, without limitation, the parties signing this Agreed Order.

23. The Receiver need not obtain Court approval prior to the disbursement of funds for trade expenses associated with the Project incurred in the ordinary course of administration, preservation and operation of the Project.

24. Upon the completion of the Receiver's performance of the duties mandated under the terms of this Agreed Order, the Receiver shall submit a final accounting and report with the Court concerning the status and disposition of the Project, as well as the Receiver's request to be discharged from the terms of this Agreed Order. In the Receiver's final accounting and report, the Receiver shall request from the Court a final application for compensation and reimbursement of expenses for the Receiver and all of the professionals retained by the Receiver to perform the duties mandated by this Agreed Order.

25. Notwithstanding any provisions in this Agreed Order to the contrary, under no circumstances shall Romspen Mortgage Limited Partnership (including any of its affiliates, "Romspen") be compelled to extend any further credit, loans, hard money, funds, equity, capital,

15

investment or value of any kind to the Receiver, Zen Garden, the Project, the undersigned parties to this Agreed Order or any third party for any purpose. Further, under no circumstances shall the indebtedness ("Indebtedness"), liens, mortgages, security interests, and other property ("Liens") owned, held and possessed by Romspen against Zen Garden, the Project or any of the undersigned parties or their affiliates be subordinated, primed or devalued in any way by the Receiver or any other party in connection with the Project or the above-captioned lawsuit. For the sake of clarity, Romspen is not required to extend any further credit, loans, hard money, funds, equity, capital, investment or value of any kind to the Receiver, Zen Garden, the Project, the undersigned parties to this Agreed Order or any third party for any purpose. Romspen and the Receiver may engage in negotiations and enter into an agreement, subject to the prior approval by written order of this Court and entered on the docket of this lawsuit, regarding the voluntary extension of additional credit, capital, investment, loans, or funds to Zen Garden for the benefit of the Project; provided, however, any such additional credit extended by Romspen to Zen Garden for the benefit of the Project shall be within the sole and absolute voluntary discretion of Romspen and must be approved by written order of the Court. The Receiver is permitted, in his discretion subject to advancing the best interests of the Project and all parties interests in the Project (including, without limitation, Romspen), to engage in negotiations with non-Romspen parties regarding new credit, loans, hard money, funds, equity, capital, investment or value of some kind to advance the best interests of the Project ("New Credit"); provided, however, any such New Credit and any liens, mortgages, security interests or value of any kind granted to secure such New Credit shall be subordinate in priority to Romspen's Indebtedness and Liens. The Receiver shall obtain the Court's approval prior to completing, consummating and closing on any New Credit. Any New Credit obtained without the prior written order of the Court entered on the docket of the above-

captioned action will be of no force or effect and such attempted New Credit obtained without approval by order of the Court shall be null and void.

26. The terms of this Agreed Order are immediately enforceable upon the entry of this Agreed Order by this Court, and any and all stays applicable to the delayed enforcement are hereby waived and declared null and void to the implementation and performance of the terms of this Agreed Order, which are immediately enforceable upon the entry by the Court.

27. This Court retains exclusive jurisdiction to consider the enforcement of and the adjudication of any disputes arising from the terms of this Agreed Order.

IT IS SO ORDERED.

Signed this 26 th day of November, 2019.

_____
HONORABLE JUDGE PRESIDING

17

AGREED AS TO FORM AND SUBSTANCE:

**FOLEY & LARDNER, LLP**

/s/ _____
Thomas Scannell (TX 24070559)
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: 214-999-4289
Facsimile: 214-999-3289
tscannell@foley.com

**ATTORNEYS FOR ROMSPEN
MORTGAGE LIMITED PARTNERSHIP**

**3443 ZEN GARDEN LIMITED PARTNERSHIP,**
a Texas limited partnership

By: _____
Name: _____
Title: _____


**EIGHTFOLD DEVELOPMENT, LLC,**
a Texas limited liability company

By: _____
Name: _____
Title: _____


**Adam Zarafshani**

_____
Individually


**Daniel White**

_____
Individually

18

<u>AGREED AS TO FORM AND SUBSTANCE:</u>

**FOLEY & LARDNER, LLP**

/s/ _____
Thomas Scannell (TX 24070559)
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: 214-999-4289
Facsimile: 214-999-3289
tscannell@foley.com

**ATTORNEYS FOR ROMSPEN
MORTGAGE LIMITED PARTNERSHIP**

**3443 ZEN GARDEN LIMITED PARTNERSHIP,**
a Texas limited partnership

By: _Adam [signature]_
Name: _Adam Zarafshani_
Title: _Partner_

**EIGHTFOLD DEVELOPMENT, LLC,**
a Texas limited liability company

By: _Adam [signature]_
Name: _Adam Zarafshani_
Title: _Manager_

**Adam Zarafshani**

_[signature]_
Individually

**Daniel White**

_____
Individually

Unofficial copy Travis Co. District Clerk Velva L. Price