IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 1:20-10410-HCM |
| 3443 ZEN GARDEN, L.P., | § | |
| | § | Chapter 11 |
| DEBTOR. | § | |

**STIPULATION AND ORDER TO DEPOSIT FUNDS IN THE REGISTRY OF THE COURT BETWEEN ADAM ZARAFSHANI, PANACHE DEVELOPMENT & CONSTRUCTION, INC. AND ROMSPEN MORTGAGE LIMITED PARTNERSHIP RESOLVING CREDIT BID CHALLENGE**

Panache Development & Construction, Inc. ("*Panache*"), Adam Zarafshani ("*Zarafshani*") and Romspen Mortgage Limited Partnership ("*Romspen*" or "*Lender*") hereby file this Stipulation Resolving Credit Bid Challenge (the "*Stipulation*") and request that the Bankruptcy Court enter this Stipulation as "*So Ordered*" on the docket in the above styled and numbered Bankruptcy Case and in the Adversary Case (defined below).

WHEREAS the Court entered its *Amended Final Order Granting Chapter 11 Trustee's Motion to Obtain Secured Credit on an Interim and Final Basis* (ECF No. 144, the "*Financing Order*"). All capitalized terms not specifically defined in this Stipulation have the meaning

provided in the Financing Order.

WHEREAS the Financing Order reserved substantive rights and preserved claims and causes of actions during the defined Challenge Period, which the Financing Order sets to end "no later than July 20, 2020." *See* Financing Order, pp. 21-22, ¶ 18. The Financing Order also set August 30, 2020, as the deadline by which any "Credit Bid Challenge . . .proceedings must be completely concluded and fully resolved on a final basis . . ." (the "***Credit Bid Challenge Period***"). *See* Financing Order, p. 14, ¶ 11(c).

WHEREAS the Lender and the Trustee mutually agreed to extend the Challenge Period until "August 20, 2020 for all purposes" pursuant to the Notice and Stipulation Extending Challenge Period under Final Financing Order dated July 15, 2020 (ECF No. 157, the "***First Credit Bid Challenge Period Stipulation***").

WHEREAS the Lender and Panache agreed to extend the Credit Bid Challenge Period for Panache until at least September 11, 2020 for all purposes. The extended September 11, 2020, Credit Bid Challenge Period deadline is applicable to Panache.

WHEREAS Panache has filed a proof of claim on August 10, 2020, at Claim Number 22 in the Claims Register Bankruptcy Case asserting claims, calculated as of the Petition Date, in the total aggregate amount of $11,826,795.53 ("***Claim***"). Included in the total amount of the Claim, Panache has asserted a Removables Challenge as a secured priority lien in the amount of $5,024,150.00.

WHEREAS, in Adversary Case No. 20-1048-hcm, Panache has asserted claims and causes of action against Romspen, including, without limitation, a claim for equitable subordination, a request for declaratory judgment regarding lien priority vis-à-vis Panache and Romspen over the real property and improvements of the Debtor, and a request that Romspen be prohibited or limited

pursuant to 11 U.S.C. § 363(k) from credit bidding on any sale of assets of the Debtor pursuant to 11 U.S.C. §§ 363(b) or 1129(b)(2)(A)(ii) (the "*Adversary Case*").

WHEREAS in addition to the claims brought by Panache in the Adversary Case, Panache has also asserted a so-called Removables Challenge, asserting lien priority vis-à-vis Romspen over certain property owned by the Debtor.

WHEREAS Romspen disputes and denies the allegations, claims, and entitlement to relief as requested by Panache in the Adversary Case and in connection with the Removables Challenges in the Bankruptcy Case.

WHEREAS the Bankruptcy Court has approved bidding procedures that includes a virtual auction for the bankruptcy estate's primary asset on September 29, 2020, at 9:00 a.m. (CT). *See* Bid Procedures Order, p. 16 (ECF No. 194). Additionally, the Bid Procedures Order has a deadline of September 25, 2020, for Romspen to elect to credit bid. *Id*. The Construction Project is subject to liens asserted by both Panache and Romspen.

WHEREAS as a result, the disputed issues between Panache and Romspen would need to be resolved or fully adjudicated by the Bankruptcy Court before the commencement of the virtual auction.

WHEREAS such an adjudication is impracticable, if not impossible, in light of the resources and schedule of the Bankruptcy Court, Panache, and Romspen.

WHEREAS delaying the virtual auction is also impracticable, if not impossible, in light of the resources of and financing available to the Debtor.

WHEREFORE, Panache and Romspen hereby agree and stipulate as follows, subject to the Bankruptcy Court entering this Stipulation as "So Ordered" on the docket in the Bankruptcy Case and in the Adversary Case:

1. Within five (5) days of the entry of this Stipulation as "So Ordered" on the docket in the Bankruptcy Case and in the Adversary Case, Romspen shall deposit the sum of $1,387,100.46, in cash, in the registry of the Bankruptcy Court, for the benefit of Panache (the "***Deposit***"), payable in the amount of and conditioned upon a judgment or order, if any, entered in favor of Panache in connection with (i) its Removables Challenge in the Bankruptcy Case, and (ii) in connection with the declaratory and other claims and relief requested in the Adversary Case, with the amount payable from the Deposit to Panache on its claims and relief, if any, not to exceed the lesser of the judgment and/or order entered in its favor, if any, and the amount of its respective Claim;[1]

2. No funds from the Deposit shall be released to any party for any purpose without an order of the Court specifying the exact amount of funds to be released to the specific party or parties within a specific timeframe and by a specific delivery method;

3. Upon completion of the Deposit by Romspen, Panache shall dismiss and withdraw its request that the Bankruptcy Court prohibit or limit Romspen's ability to credit bid pursuant to 11 U.S.C. § 363(k) on any sale of assets of the Debtor pursuant to 11 U.S.C. §§ 363(b) or 1129(b)(2)(A)(ii), it being the intention of Romspen, Panache and Zarafshani that the Deposit shall and does provide adequate protection for Panache's alleged claims and interests, all of which are disputed by Romspen; and

4. Panache, Zarafshani and Romspen agree upon the scheduling order attached hereto

---

[1] The Deposit is provided as adequate protection to eliminate the Credit Bid Challenge asserted by Panache. For avoidance of doubt, the foregoing "amount payable from the Deposit" limitation is not a cap or limit on Panache's potential allowable claims against the Debtor. Further, the foregoing "amount payable from the Deposit" does not prohibit or preclude any award to Panache of attorneys' fees, if applicable, in connection with any cause of action in the Adversary Case, including, without limitation, the to-be-consolidated Removables Challenge. However, the Deposit is established only to pay allowed claims against the Debtor held by Panache adjudicated to be of higher priority than the alleged claims of Romspen. The Deposit is not a source of recovery on any direct claim or award, if any, held by Panache against Romspen. The Deposit is not a source of recovery on any allowed claim against the Debtor determined to be subordinate to the allowed secured claims of Romspen.

as Exhibit "A" ("*Scheduling Order*") in connection with the Adversary Case such that it is tried prior to the end of 2020. Such scheduling order shall be submitted to the Bankruptcy Court for entry within five (5) days of the entry of this Stipulation as "So Ordered" on the docket in the Bankruptcy Case and in the Adversary Case. For the sake of clarity, the Removables Challenge currently docketed for hearing before the Court in the main chapter 11 bankruptcy proceedings in this Case shall be reset and removed from the Court's docket and incorporated into the Scheduling Order for the Adversary Case.

It is **ORDERED** that the Clerk of the Court receive and deposit into the Registry of the Court the amount of $1,387,100.46 which represents the Deposit subject to the Stipulation.

It is further **ORDERED** that the Clerk of the Court, in its ordinary course of business, deposit the funds into an interest bearing account in the U.S. Treasury CRIS system. The Administrative Office of the United States Courts is authorized to administer the funds, and charge registry fees, under its Courts Registry Investment System (CRIS).

###

Dated: September 16, 2020

AGREED TO BY:


*/s/ Thomas C. Scannell*
Thomas C. Scannell
Tex. Bar No. 24070559
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
tscannell@foley.com

**COUNSEL FOR ROMSPEN MORTGAGE
LIMITED PARTNERSHIP**


*/s/ B. Russell Horton*
B. Russell Horton
State Bar No. 10014450
George Brothers Kincaid & Horton, L.L.P.
114 W 7th Street, Suite 1100
Austin, Texas 78701
Phone: (512) 495-1400
Fax: (512) 499-0094
Email: rhorton@gbkh.com

**COUNSEL FOR PANACHE DEVELOPMENT
& CONSTRUCTION, INC. AND ADAM ZARAFSHANI**

## CERTIFICATE OF SERVICE

I certify that on September 16, 2020, a true and correct copy of the forgoing was served on the following parties at the indicated email addresses:

Christopher G Burwell on behalf of Creditor Wembley Metal Buildings, LLC
cburwell@baileyandbaileypc.com

Martyn B. Hill on behalf of Creditor Lone Star Materials, Inc.
mbh@pdhlaw.com, eservice@pdhlaw.com;mah@pdhlaw.com;sserry@pdhlaw.com

B. Russell Horton on behalf of Debtor 3443 Zen Garden, LP
rhorton@gbkh.com, kseabolt@gbkh.com

Paul H. Jordan on behalf of Creditor Hill Country Electric Supply, L.P., Creditor Koetter Fire

Protection of Austin, LLC and Creditor Texas Air, LLC
pjordon@sneedvine.com, gtwnfilings@sneedvine.com

Tara LeDay on behalf of Creditor The County of Hays, Texas
tleday@ecf.courtdrive.com;kmorriss@mvbalaw.com;vcovington@mvbalaw.com;bankruptcy@mvbalaw.com;alocklin@mvbalaw.com

Kell C. Mercer on behalf of Petitioning Creditor ACM Services LLC, Petitioning Creditor Austin Glass & Mirror, Inc. and Creditor Lyle America, Inc. d/b/a Glass.com of Illinois
kell.mercer@mercer-law-pc.com

Lisa M. Norman on behalf of Creditor American Builders and Contractors Supply Co., Inc. d/b/a ABC Supply Co., Inc.
lnorman@andrewsmyers.com, kdubose@andrewsmyers.com

Danielle Nicole Rushing on behalf of Interested Party Lincoln 1861, Inc. and Daniel White
drushing@dykema.com, lvasquez@dykema.com;docketsat@dykema.com

Thomas C. Scannell on behalf of Creditor and Interested Party Romspen Mortgage Limited Partnership
tscannell@foley.com, acordero@foley.com

Jeffrey M. Tillotson on behalf of Creditor Dan White
jtillotson@tillotsonlaw.com, swade@tillotsonlaw.com;keith@tillotsonlaw.com

United States Trustee - AU12
ustpregion07.au.ecf@usdoj.gov

Richard James Wallace, III on behalf of Creditor Equipmentshare.com, Inc.
richard.wallace@solidcounsel.com

Deborah D. Williamson on behalf of Creditor Dan White Family Trust and Dan White
dwilliamson@dykema.com, mlongoria@dykema.com;docketsat@dykema.com

                                          */s/ Thomas C. Scannell*
                                          Thomas C. Scannell

Exhibit "A"

UNITED STATES BANKRUPTCY COURT<br>
WESTERN DISTRICT OF TEXAS<br>
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| 3443 ZEN GARDEN, LP, | § | CASE NO. 20-10410-hcm |
|    *Debtor.* | § | CHAPTER 11 |
| _____ | § | |
| Austin Glass & Mirror, Inc., | § | |
| ACM Services, LLC, Koetter Fire Protection | § | |
| of Austin, LLC, Capital Industries, LLC, | § | |
| Hill Country Electric Supply, LP, Lyle America, | § | |
| Inc. d/b/a Glass.com of Illinois, Summer Legacy, | § | |
| LLC, Texas Air Industries, LLC, Ferguson | § | |
| Enterprises, LLC, American Builders & | § | |
| Contractors Supply Co., Inc. d/b/a ABC Supply | § | |
| Co., Inc., and Panache Development | § | |
| & Construction, Inc. | § | |
|    *Plaintiffs*, | § § | |
| v. | § § | ADV. NO. 20-01048-hcm |
| Romspen Mortgage Limited Partnership, | § | |
| and 3443 Zen Garden, LP | § | |
|    *Defendant.* | § | |

PROPOSED SCHEDULING ORDER

Pursuant to Rule 16, Federal Rules of Civil Procedure, the Court issues the following scheduling order.

IT IS ORDERED THAT:

1. The parties shall file all amended or supplemental pleadings and shall join additional parties on or before [_____]. *See* L. Rule 7015.

2. All parties asserting or resisting claims for relief shall file and serve on all other parties, but not file, the disclosures required by Federal Rule of Civil Procedure 26(a)(1) on or before 14 days after entry of this Scheduling Order.

3. The parties shall complete discovery on or before [_____]. Counsel may, by agreement, continue discovery beyond the deadline, but there will be no intervention by the

1

Court except in extraordinary circumstances.

    4.    All dispositive motions shall be filed and served on all other parties on or before [_____] and shall be limited to 20 pages. *See* L. Rule 7007(a) for the definition of dispositive motions and page limits. Responses shall be filed and served on all other parties not later than 21 days of the service of the motion and shall be limited to 20 pages. *See* L. Rule 7007(b)(2). Any replies shall be filed and served on all other parties not later than 7 days of the service of the response and shall be limited to 10 pages, but the Court need not wait for the reply before ruling on the motion. *See* L. Rule 7007(c).

    5.    Motions other than Rule 12 or 56 are governed by L. Rule 7007, 9013, and 9014 where applicable.

    6.    Docket call for trial is set [_____]. Parties will be required to discuss at docket call any objections to the use of deposition testimony and stipulations regarding the use of experts for trial.

    7.    A Joint Pre-trial Order and proposed findings of fact and conclusions of law are due 7 days before docket call. *See* L. Rule 7016(c) and (d).

    8.    Exhibits and a witness list are to be exchanged five business days in advance of trial. *See* L. Rule 7016(g)(2). In addition, counsel are encouraged to present and provide electronic versions of exhibits where practicable. Use and presentation of electronic exhibits should be coordinated through the courtroom deputy.

    9.    Counsel are reminded that, with regard to any paper that is filed, compliance with Fed. R. Civ. P. 5.2 is mandatory. As such, counsel should ensure that appropriate redactions are made.

    10.    This Scheduling Order does not specifically address the discovery of electronically stored information (ESI). To the extent the parties believe that ESI is subject to

2

discovery, the parties are directed to reach an agreement on production of ESI. The parties are encouraged to use the template developed by the Seventh Circuit Electronic Discovery Pilot Program. *See* www.discoverypilot.com. Any party may bring any dispute regarding the discovery of ESI, but it must be brought to the Court's attention by motion 30 days after Rule 26(a)(1) disclosures are made.

11. Counsel residing outside the State of Texas may designate local counsel in writing, giving the street address, telephone number and mailing address. The designation shall be filed with the Clerk of the Court in this proceeding, and a copy shall be sent to all other counsel of record in this proceeding. This provision may be waived by the Court upon motion of counsel and service upon other parties.

12. **All discovery must be commenced and completed by the discovery deadline provided in this Order.**

    a. Designation of experts shall be an issue at any pretrial conference.

    b. Counsel are encouraged to resolve discovery disputes by agreement. Motions to compel, motions for protective orders and similar motions, while not prohibited, may result in sanctions being imposed on the losing party or both parties as provided in Fed. R. Bankr. P. 7037 & 9011 or 28 U.S.C. § 1927, if a hearing is required thereon.

    c. If applicable, parties may file dispositive motions under Fed. R. Bankr. P. 7012 & 7056 and Fed. R. Civ. P. 12(b) & 56. Such motions, if filed, must be filed by the deadline for dispositive motions in this Order. Responses to motions under FRBP 12 and 56 must be filed within 21 days after the Motion is filed. **All other motions in this adversary proceeding, unless**

3

        **unopposed, require the filing of a written response within 14 days, or the motion may be granted without a hearing.**

    d.    All discovery shall be commenced at a time which allows for the full response time provided by applicable rules on or before the discovery deadline.

        E.g., if the discovery deadline is July 15, interrogatories must be actually delivered on or before June 15 in order to allow thirty days for answers. If the interrogatories are mailed, then they must be mailed on or before June 12, pursuant to Fed. R. Bankr. P. 9006(f), to allow three additional days for service by mail.

    e.    The Court may, upon motion and for cause shown, extend, reduce, or otherwise modify the deadlines set out in the Scheduling Order. Mere agreement of the parties to such extensions or modifications is not of itself sufficient cause.

13.    Counsel and unrepresented parties must confer prior to the date the Pre-Trial Order is required to be filed, to fully explore the possibility of settlement, to stipulate to matters not in dispute and to simplify the issues. The Pre-Trial Order shall contain a certificate to the effect that the conference of counsel has been held. Counsel must also confer in an effort to determine whether the original time estimate for trial is correct or should be revised. If the parties wish to have a pre-trial conference with the Court, a pre-trial conference should be requested as early as possible, but at least 60 days prior to the trial.

14.    Docket call is set on the docket call date provided in the scheduling order. **The only matters to be considered by the Court at docket call are as follows:**

    a.    Date, time and place of trial following docket call.

    b.    Properly and timely-filed motions for continuance or for default judgment.

    c.    Motions not previously ruled on under Fed. R. Civ. P. 12 and Fed. R. Bankr. P. 7012.

    d.    Settlement announcements.

**Failure to attend docket call may result in dismissal or rendition of final judgment. You may, however, authorize any member of the Bar of this Court, including opposing counsel, to make an appearance on your behalf at docket call, if there are no contested motions for continuance, motions for default judgment or motions under Fed. R. Civ. P. 12 and Fed. R. Bankr. P. 7012.**

Dated: _____Yvette M. Taylor
Clerk, US Bankruptcy Court


by : _____Courtroom Deputy_____

5