**The relief described hereinbelow is SO ORDERED.**

**Signed September 23, 2020.**



_____
**H. CHRISTOPHER MOTT
UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 1:20-10410-HCM |
| 3443 ZEN GARDEN, L.P., | § | |
| | § | Chapter 11 |
| DEBTOR. | § | |

**STIPULATION AND ORDER TO DEPOSIT FUNDS BETWEEN GREGORY S. MILLIGAN, CHAPTER 11 TRUSTEE AND ROMSPEN MORTGAGE LIMITED PARTNERSHIP RESOLVING CREDIT BID CHALLENGE**

Gregory S. Milligan, Chapter 11 Trustee ("*Trustee*") for the bankruptcy estate (the "*Estate*") of 3443 Zen Garden, L.P. (the "*Debtor*") and Romspen Mortgage Limited Partnership ("*Romspen*" or "*Lender*") hereby file this Stipulation Resolving Credit Bid Challenge (the "*Stipulation*") and request that the Bankruptcy Court enter this Stipulation as "*So Ordered*" on the docket in the above styled and numbered Bankruptcy Case.

WHEREAS the Court entered its *Amended Final Order Granting Chapter 11 Trustee's Motion to Obtain Secured Credit on an Interim and Final Basis* (ECF No. 144, the "*Financing Order*"). All capitalized terms not specifically defined in this Stipulation have the meaning provided in the Financing Order.

WHEREAS the Financing Order reserved substantive rights and preserved claims and causes of actions during the defined Challenge Period, which the Financing Order sets to end "no later than July 20, 2020." *See* Financing Order, pp. 21-22, ¶ 18. The Financing Order also set August 30, 2020, as the deadline by which any "Credit Bid Challenge . . .proceedings must be completely concluded and fully resolved on a final basis . . ." (the "***Credit Bid Challenge Period***"). *See* Financing Order, p. 14, ¶ 11(c).

WHEREAS the Lender and the Trustee mutually agreed to extend the Challenge Period for the Trustee and the Estate Parties (as defined in the Fourth Credit Bid Challenge Period Stipulation) until "October 19, 2020 for all purposes" pursuant to the Fourth Notice and Stipulation Extending Challenge Period under Final Financing Order dated September 21, 2020 (ECF No. 235, the "***Fourth Credit Bid Challenge Period Stipulation***").

WHEREAS, on September 15, 2020, the Trustee filed the Emergency Motion to Limit Romspen Mortgage Limited Partnership's Credit Bid (ECF No. 209) (the "***Credit Bid Challenge***"). In the Credit Bid Challenge, the Trustee asserted challenges against Romspen's ability to credit bid, including, without limitation, a request that Romspen be prohibited or limited pursuant to 11 U.S.C. § 363(k) from credit bidding on any sale of assets of the Debtor pursuant to 11 U.S.C. §§ 363(b) or 1129(b)(2)(A)(ii).

WHEREAS Romspen disputes and denies the allegations and entitlement to relief as requested by the Trustee in the Credit Bid Challenge.

WHEREAS the Court approved bidding procedures that includes a virtual auction for the Estate's primary asset on September 29, 2020, at 9:00 a.m. (CT). *See* Bid Procedures Order, p. 16 (ECF No. 194). Additionally, the Bid Procedures Order has a deadline of September 25, 2020, for Romspen to elect to credit bid. *Id*.

WHEREAS as a result, the Credit Bid Challenge and related disputed issues between Trustee and Romspen would need to be resolved or fully adjudicated by the Bankruptcy Court before the commencement of the virtual auction.

WHEREAS such an adjudication is impracticable, if not impossible, in light of the resources and schedule of the Bankruptcy Court, Trustee, and Romspen.

WHEREAS delaying the virtual auction is also impracticable and undermines the predictability of the marketing process undertaken pursuant to the Bid Procedures Order.

WHEREFORE, Trustee and Romspen hereby agree and stipulate as follows, subject to the Bankruptcy Court entering this Stipulation as "So Ordered" on the docket in the Bankruptcy Case:

1. Upon the entry of this Stipulation as "So Ordered" on the docket in the Bankruptcy Case and not later than 7:00 pm (CT) on Friday, September 25, 2020, Romspen shall deposit the sum of US $7,000,000.00, in cash, in the Trustee's escrow account to be held in trust (the "***Deposit***"), payable in the amount of and conditioned upon a judgment or order, if any, entered in favor of the Trustee in connection with any claims and relief requested that may be brought against Romspen by the Trustee;[1]

2. No funds from the Deposit shall be released to any party for any purpose without an order of the Court specifying the exact amount of funds to be released to the specific party or parties within a specific timeframe and by a specific delivery method. For the sake of clarity, nothing in this Stipulation shall be construed, presumed or deemed to be an admission against

---

[1] The Deposit is provided as adequate protection to resolve the relief requested in the Credit Bid Challenge asserted by the Trustee. For avoidance of doubt, the foregoing "amount payable from the Deposit" limitation is not a cap or limit on Trustee's, Debtor's or Estate's potential allowable claims against Romspen. Further, the foregoing "amount payable from the Deposit" does not prohibit or preclude any award to the Trustee, Debtor or Estate of attorneys' fees, if applicable, in connection with any cause of action that may be asserted by the Trustee, Debtor or Estate against Romspen. However, the Deposit is established only to provide a source of recovery to the Trustee's, Estate's and Debtor's potential claims against the Romspen as may be adjudicated at a later date.

Romspen or a presumption of any kind that Romspen has engaged in any acts of wrongdoing. By entering into this Stipulation, Romspen shall not be presumed or deemed to have any liability or exposure of any kind. Romspen adamantly opposes the allegations contained in the Trustee's Credit Bid Challenge, and all of Romspen's and the Trustee's, Debtor's and Estate's respective rights and remedies in connection therewith, including, without limitation, all claims, causes of action, defenses, evidence, authorities and other allegations are expressly reserved;

3. Upon the entry of this Stipulation as "So Ordered" and completion of the Deposit by Romspen, the Trustee shall dismiss and withdraw its request that the Court prohibit or limit Romspen's ability to credit bid pursuant to 11 U.S.C. § 363(k) on any sale of assets of the Debtor pursuant to 11 U.S.C. §§ 363(b) or 1129(b)(2)(A)(ii), it being the intention of Romspen and the Trustee that the Deposit shall and does provide the Debtor and the Estate with adequate protection in the context of a Romspen credit bid for any claims and causes of action that the Trustee, Debtor and Estate may have against Romspen, all of which remain disputed by Romspen.

4. The rights, benefits, reservations and protections this Stipulation provides to the Trustee shall apply to any duly appointed subsequent or successor chapter 11, chapter 7 or plan trustee, the Debtor, the Estate or similar legal successors.

###

Dated: September 22, 2020

AGREED TO BY:


*/s/ Thomas C. Scannell* (with permission)
Thomas C. Scannell
Tex. Bar No. 24070559
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
tscannell@foley.com

**COUNSEL FOR ROMSPEN MORTGAGE
LIMITED PARTNERSHIP**


*/s/ Jason M. Rudd*
Jason M. Rudd, Tex. Bar No. 24028786
Scott D. Lawrence, Tex. Bar No. 24087896
Daniella G. Heringer, Tex. Bar No. 24103460
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 100
Dallas, Texas 75204
Telephone: (214) 692-6200
Facsimile: (214) 692-6255
jason.rudd@wickphillips.com
scott.lawrence@wickphillips.com
daniella.heringer@wickphillips.com

**COUNSEL FOR GREGORY MILLIGAN,
CH. 11 TRUSTEE FOR 3443 ZEN GARDEN, L.P.**

# CERTIFICATE OF SERVICE

I certify that on September 22, 2020, a true and correct copy of the forgoing was filed and served on the following parties via the Court's CM/ECF electronic service system at the indicated email addresses:

Christopher G Burwell on behalf of Creditor Wembley Metal Buildings, LLC
cburwell@baileyandbaileypc.com

Martyn B. Hill on behalf of Creditor Lone Star Materials, Inc.
mbh@pdhlaw.com, eservice@pdhlaw.com;mah@pdhlaw.com;sserry@pdhlaw.com

B. Russell Horton on behalf of Debtor 3443 Zen Garden, LP
rhorton@gbkh.com, kseabolt@gbkh.com

Paul H. Jordan on behalf of Creditor Hill Country Electric Supply, L.P., Creditor Koetter Fire Protection of Austin, LLC and Creditor Texas Air, LLC
pjordon@sneedvine.com, gtwnfilings@sneedvine.com

Tara LeDay on behalf of Creditor The County of Hays, Texas
tleday@ecf.courtdrive.com;kmorriss@mvbalaw.com;vcovington@mvbalaw.com;bankruptcy@mvbalaw.com;alocklin@mvbalaw.com

Kell C. Mercer on behalf of Petitioning Creditor ACM Services LLC, Petitioning Creditor Austin Glass & Mirror, Inc. and Creditor Lyle America, Inc. d/b/a Glass.com of Illinois
kell.mercer@mercer-law-pc.com

Lisa M. Norman on behalf of Creditor American Builders and Contractors Supply Co., Inc. d/b/a ABC Supply Co., Inc.
lnorman@andrewsmyers.com, kdubose@andrewsmyers.com

Danielle Nicole Rushing on behalf of Interested Party Lincoln 1861, Inc. and Daniel White
drushing@dykema.com, lvasquez@dykema.com;docketsat@dykema.com

Thomas C. Scannell on behalf of Creditor and Interested Party Romspen Mortgage Limited Partnership
tscannell@foley.com, acordero@foley.com

Jeffrey M. Tillotson on behalf of Creditor Dan White
jtillotson@tillotsonlaw.com, swade@tillotsonlaw.com;keith@tillotsonlaw.com

United States Trustee - AU12
ustpregion07.au.ecf@usdoj.gov

Richard James Wallace, III on behalf of Creditor Equipmentshare.com, Inc.
richard.wallace@solidcounsel.com

Deborah D. Williamson on behalf of Creditor Dan White Family Trust and Dan White
dwilliamson@dykema.com, mlongoria@dykema.com;docketsat@dykema.com

                                       */s/ Jason M. Rudd*
                                       Jason M. Rudd