**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 1:20-10410-HCM** |
| **3443 ZEN GARDEN, L.P.** | § | |
| | § | **Chapter 11** |
| **DEBTOR.** | § | |

**SUMMARY OF**
**FIRST INTERIM APPLICATION OF**
**CHAPTER 11 TRUSTEE GREGORY S. MILLIGAN**
**FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED**
**FROM APRIL 22, 2020 THROUGH SEPTEMBER 30, 2020**

**This application requests relief that may be adverse to your interests. If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held. A timely filed response is necessary for a hearing to be held.**

Gregory S. Milligan, Chapter 11 Trustee (the "**Trustee**") of the bankruptcy estate (the "**Estate**") of 3443 Zen Garden, L.P. (the "**Debtor**") in the above-captioned chapter 11 case, submits this Summary of his First Interim Application for Allowance of Compensation for Services Rendered ("**Application**"). The following is a summary of the information detailed in the Application.

    **I.**    **Applicant.** Gregory S. Milligan

    **II.**    **Capacity.** Chapter 11 Trustee

    **III.**    **Total Amount of Fees Requested to be Paid and/or Approved:**

    a.    Fees Incurred: $79,936.60
    b.    Expenses Incurred: $0.00
    c.    Total Fees and Expenses: $79,936.60
    d.    Amount Previously Paid: $0
    e.    Amount Requested to be Paid under this Application: $79,936.60
    f.    Time period covered: April 22, 2020 through September 30, 2020

    **IV.**    **BREAK OUT CURRENT APPLICATION**

| Timekeeper | Title | Rate | Hours | Value |
|---|---|---|---|---|
| Milligan, Gregory S. | Executive Vice President | 500.00 | 467.9 | $233,950.00 |

    A.        Blended Hourly Rate:  $500.00

    B.        Minimum Fee Increments: The Trustee bills time in tenth of hours.

    C.        Expenses: The Trustee is not requesting expenses incurred.

    **V.**        **Prior Applications.** The Trustee has not filed any previous Applications in this case.

    **VI.**        **Other Co-equal or Administrative Claimants in this Case:** N/A. Allowance of the Trustee's First Interim Application will not result in the Estate not being able to pay all co-equal or superior administrative claims in this case.

    **VII.**        **Result Obtained.** As detailed in the application, the Trustee has advanced a chapter 11 plan and liquidated the Debtor's principal asset (a landmark real estate development project (the "**Project**"). As embodied in the Plan, the Trustee has maximized recoveries for creditors. The case status and the results obtained are described in more detail in the Application. See **<u>Exhibit C</u>** to the Application for the hours and amount of fees billed to each project category for the Application Period.

    **VIII.**     **Rates.** The rates sought herein are reasonable because of the complexity of the case and the expertise of Gregory S. Milligan, Executive Vice President at HMP Advisory Holdings, LLC d/b/a Harney Partners ("**Harney**"). Harney is a leading provider of restructuring management and consulting services and has successfully advised other clients in various matters, both out of court and as a chapter 11 court-appointed professional. The effective blended hourly rate charged by the Trustee is $170.84 for the Application Period, substantially lower than the rates charged by the Trustee on other engagements due to the limitations on compensation prescribed in section 326 of the Bankruptcy Code.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 1:20-10410-HCM** |
| **3443 ZEN GARDEN, L.P.** | § | |
| | § | **Chapter 11** |
| **DEBTOR.** | § | |

**FIRST INTERIM APPLICATION OF**
**CHAPTER 11 TRUSTEE GREGORY S. MILLIGAN**
**FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED**
<u>**FROM APRIL 22, 2020 THROUGH SEPTEMBER 30, 2020**</u>

> **This application requests relief that may be adverse to your interests.**
>
> **If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**
>
> **A timely filed response is necessary for a hearing to be held.**

Gregory S. Milligan, Chapter 11 Trustee (the "**Trustee**") of the bankruptcy estate (the "**Estate**") of 3443 Zen Garden, L.P. (the "**Debtor**") in the above-captioned chapter 11 case, submits his First Interim Fee Application for Allowance of Compensation for Services Rendered and Reimbursement for Expenses Incurred from April 22, 2020 Through September 30, 2020 (the "**Application**"), which seeks entry of an order, substantially in the form attached hereto as <u>**Exhibit A**</u>, pursuant to sections 326, 330 and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016 of the Local Rules of the United States Bankruptcy Court for the Western District of Texas (the "**Bankruptcy Local Rules**"), (i) for the allowance of compensation in the amount of $79,936.60 as reasonable compensation for services performed by the Trustee for the period April 22, 2020 Through September 30, 2020 (the "**Application Period**"), and (ii) authorize the

Trustee to pay the Trustee $79,936.60.

This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue for this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought by this Application are sections 327, 328(a), 330(a), and 331 of the Bankruptcy Code.

In support of the Application, the Trustee would respectfully represent to the Court as follows:

## I. BACKGROUND

### A.   Bankruptcy Filing

1.     Certain petitioning creditors (the "**Petitioning Creditors**") initiated the above-captioned bankruptcy case (the "**Case**") by filing an involuntary chapter 11 petition on March 22, 2020 (the "**Petition Date**").

2.     This Court entered its *Consent Order for Entry of Relief* (ECF No. 11, the "**Relief Order**") on April 8, 2020 (the "**Relief Order Entry Date**").

3.     On April 9, 2020, the Petitioning Creditors filed their *Expedited Motion for Order Requiring Appointment of a Chapter 11* Trustee. *See* ECF No. 14. This Court entered its *Order Requiring Appointment of a Chapter 11 Trustee* on April 15, 2020. *See* ECF No. 27. The United States Trustee filed its *Application for Order Approving Appointment of the Trustee* (ECF No. 35, the "**Appointment Application**") and the Court granted it (ECF No. 36, the "**Appointment Order**") on April 22, 2020 (the "**Appointment Date**").

4.     The primary assets of the Estate were land, buildings, and other improvements located at 3443 Ed Bluestein Boulevard in Austin, Texas (collectively, the "**Property**"). *See* ECF No. 48 (the "**Schedules**") at p. 8. The Property was sold via an auction and sale transaction (the

"**Sale**") to Romspen Mortgage Limited Partnership (the "**Lender**"). *See* ECF No. 278. The Sale closed on October 15, 2020. *See* ECF No. 284.

**B.      Overview of Bankruptcy Case**

5.      Since the Trustee's appointment, the Trustee and his professionals have focused on maximizing the value of the Property through preservation and enhancement tasks while preparing to market the Property for sale.

6.      The Trustee and his professionals have also been active in the bankruptcy process. Immediately upon his appointment, the Trustee began visiting and, until closing the Sale, continued to visit the Property on a regular basis. With the assistance of his professionals, the Trustee communicated at length with the parties in interest in the Case and their counsel as well as brokers, vendors and service providers with preexisting knowledge and familiarity with the Debtor and the Property. With the assistance of his counsel and financial advisors, the Trustee investigated and analyzed various types of maintenance and value enhancement proposals identified by many parties in interest in the Case.

7.      The Trustee ultimately determined that the Estate required financing and obtained such financing from the Lender. The Trustee, with the assistance of his professionals, negotiated the terms of the Credit Facility that enabled the Trustee to preserve and enhance the value of the Property.

8.      The Trustee retained various professionals (ECF Nos. 54, 55, 63, 137, 154) including attorneys, a financial advisor, an accountant, and a broker to manage the marketing process.

9.      In pursuit of his preservation and enhancement activities, the Trustee evaluated multiple financial routes to determine which would best serve the Estate. Ultimately, the Trustee

elected to conduct a vigorous marketing process which resulted in the Sale. The Trustee now seeks to confirm a liquidating plan and exit bankruptcy.

**C.     Employment and Prior Compensation**

10.     This Court appointed the Trustee pursuant to the Appointment Order on the Appointment Date. The Trustee has not received any retainer, nor has he previously filed any application for compensation or reimbursement of expenses and has not received any compensation or reimbursement of expenses to date. The Trustee has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in this Case except as specifically allowed under the Bankruptcy Code.

11.     The Trustee has not been promised any compensation in connection with this Case other than in accordance with the provisions of the Bankruptcy Code.

**D.     Compensation Requested**

12.     This Application requests (i) approval of fees in the amount of $79,936.60 for the Application Period, and (ii) authorization for the Trustee to pay the Trustee $79,936.60.

13.     The Trustee billed fees for professional services rendered in this Case in accordance with his ordinary hourly billing procedures used in similar hourly engagements. The rates the Trustee charged for the services he rendered in this Case are the same the Trustee charges for professional services rendered in comparable bankruptcy and non-bankruptcy related matters and are reasonable based on the customary compensation charged by comparably skilled professionals in comparable bankruptcy and non-bankruptcy cases in a competitive national legal market.

14.     The fees sought by this Application during the Application Period reflect an aggregate of hours of the Trustee's professional time spent and recorded in performing services for the Estate during the Application Period, at the hourly rate of $500.00.

15.     Although the Trustee has kept detailed time records in tenths of an hour, Section 326 of the Bankruptcy limits the Trustee to $79,936.60 in compensation according to the formula provided therein, yielding an effective billing rate of $170.84 for the Trustee in this matter. The following is a summary of the Trustee's time spent on this matter.

| Timekeeper | Month | Hours Worked | Value of Services |
|---|---|---|---|
| Greg Milligan | Apr | 30.60 | $ 15,300.00 |
| | May | 108.50 | $ 54,250.00 |
| | Jun | 108.70 | $ 54,350.00 |
| | Jul | 77.20 | $ 38,600.00 |
| | Aug | 52.20 | $ 26,100.00 |
| | Sep | 90.70 | $ 45,350.00 |
| | **Grand Total** | **467.90** | **$ 233,950.00** |

16.     The Trustee submits that this Application complies with sections 326, 330, and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules and the United States Trustee Guidelines.

## II. FEE AND COST RECORDS

17.     In support of this Application, the following documents are attached:

a.      As a cover sheet, a Fee Application Summary (the "**Fee Application Summary**"), which includes a summary describing services rendered by category and the total cost of each category of services by professional is attached to the front of this Application;

b.      As **Exhibit B**, a copy of the Appointment Order;

c.      As **Exhibit C**, a summary of the Trustee's time expended in the rendition of the administrative services the Estate required;

d.      As **Exhibit D**, a summary of Mr. Milligan's qualifications, experience and credentials.

18.     During the Application Period, the Trustee has primarily focused his efforts in the following areas: (a) assuming control over the Estate, specifically including the Property, (b) evaluating the Debtor's general contractor and potential alternatives for providing Property

maintenance during the Case, (c) soliciting and evaluating proposals for financing the preservation and enhancement of the Property, (d) investigating and analyzing the Debtor's potential claims against the Lender and others, (e) commencing and coordinating a marketing and sale process for the Property, (f) beginning to draft a liquidating plan and disclosure statement to conclude the Case, (g) preparing reports required by the Bankruptcy Code and Rules and Orders of this Court, and (h) retaining professionals to assist in the forgoing.

19.     The time records of the Trustee's professionals are consistent with the Trustee's time spent on this Case and demonstrate the complexity and difficulty attendant to administering this Estate.

### III. LEGAL STANDARDS

20.     Pursuant to section 330 of the Bankruptcy Code, this Court may award to the Trustee under section 326 reasonable compensation for services rendered and reimbursement for actual, necessary expenses incurred. Section 326 of the Bankruptcy Code limits the compensation allowable to the Trustee. *See* 11 U.S.C. § 330(a)(1). Section 326(a) provides the following formula to determine the maximum compensation allowable to a chapter 11 trustee based on the amount of "all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims":

- 25% of the first $5,000 disbursed;

- 10% of moneys disbursed of $5,001 - $50,000;

- 5% of moneys disbursed of $50,001 - $1,000,000; and

- 3% of moneys disbursed in excess of $1,000,000.

21.     The Trustee has not turned over any property to the Debtor in this Case.

22.     The Trustee has filed Monthly Operating Reports during the Case since the Appointment Date for each month in the Application Period. *See* ECF Nos. 64 (April 2020), 126

(May 2020), 158 (June 2020), 179 (July 2020), 223 (August 2020) & 285 (September 2020)

(collectively, the "**MORs**"). The MORs contain records of the Trustee's disbursements during the

Application Period, as follows:

| MOR Period | | Disbursements |
|---|---|---|
| April 2020 | $ | 0.00 |
| May 2020 | $ | 167,208.90 |
| June 2020 | $ | 154,796.89 |
| July 2020 | $ | 613,159.56 |
| August 2020 | $ | 563,958.56 |
| September 2020 | $ | 390,429.41 |
| Total: | $ | 1,889,553.32 |

Based on the Trustee's disbursements during the Application Period, the maximum compensation

allowable to the Trustee under Bankruptcy Code section 326(a) is $79,936.60, calculated as

follows:

| | | | | Total Disbursements | | | | $ | 1,889,553.32 |
|---|---|---|---|---|---|---|---|---|---|
| $ | 0.00 | $ | 5,000.00 | $ 5,000.00 | @ | 25% | = | $ | 1,250.00 |
| $ | 5,000.01 | $ | 50,000.00 | $ 45,000.00 | @ | 10% | = | $ | 4,500.00 |
| $ | 50,000.01 | $ | 1,000,000.00 | $ 950,000.00 | @ | 5% | = | $ | 47,500.00 |
| $ | 1,000,000.01 | | Above | $ 889,553.32 | @ | 3% | = | $ | 26,686.60 |
| | | | | Total Trustee Fee | | | | $ | 79,936.60 |

23.    The compensation requested by the Trustee herein is less than the amount the

Trustee would be entitled to seek absent the limitations of section 326 of the Bankruptcy Code.

The Trustee billed a total of 467.9 hours for services rendered during the Application Period. Based

on the Trustee's standard hourly rate of $500.00, the Trustee rendered a total of $233,950.00 in

services during the Application Period, which would be a reasonable fee for such services. Under

the limitations of section 326, a maximum of $79,936.60 is allowable to the Trustee at this time.

Therefore, the compensation sought by the Trustee is reasonable and represents a substantial

bargain for the services rendered.

24.    The Trustee's compensation is determined based upon the percentages set forth in

section 326 rather than a fact-based assessment of the Trustee's services. *See* 11 U.S.C. §

330(a)(7); *Lejeune v. JFK Capital Hldgs., LLC (In re JFK Capital Hldgs. LLC)*, 880 F.3d 747, 754-55 (5th Cir. 2018). Nevertheless, the Trustee asserts that the compensation requested herein is reasonable under a broader section 330(a) analysis, as follows.

25.     The Court may award a chapter 11 trustee "reasonable compensation for actual, necessary services" and "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). In determining the reasonableness of the proposed fee award, the Court is directed by section 330(a)(3) of the Bankruptcy Code to consider (a) the time spent, (b) the rates charged, (c) whether the services were necessary to the administration of or beneficial to the case; (d) whether the services were performed within a reasonable time, given the complexity, importance, and nature of the task; (e) whether the professional person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (f) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners. 11 U.S.C. § 330(a)(3).

26.     The Fifth Circuit has "made clear that the lodestar, *Johnson* factors, and § 330 [of the Bankruptcy Code] coalesce[ ] to form the framework that regulates the compensation of professionals employed by the bankruptcy estate." *In re Pilgrim's Pride*, 690 F.3d 650, 656 (5th Cir. 2012).

27.     "Under this framework, bankruptcy courts must first calculate the amount of the lodestar." *Id*. To apply the lodestar approach, the Court determines a reasonable fee in a case by multiplying the number of hours expended by an hourly rate. *Pennsylvania v. Delaware Valley Citizens' Counsel for Clean Air*, 478 U.S. 456 (1987).

28.     After calculating the lodestar, the Court "then may adjust the lodestar up or down based on the factors contained in § 330 and [its] consideration of the twelve factors listed in

*Johnson.*" *Pilgrim's Pride*, 690 F.3d at 656 (quoting *In re Cahill*, 428 F.3d 536, 540 (5th Cir. 2005)).

29.    Section 330 of the Bankruptcy Code instructs the Court to "tak[e] into account all relevant factors, including—

a.    The time spent on such services;

b.    The rates charged for such services;

c.    Whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

d.    Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

e.    With respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

f.    Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Pilgrim's Pride*, 690 F.3d at 655-56 (quoting 11 U.S.C. § 330(a)(3)).

30.    The twelve *Johnson* factors include the time and labor required; the novelty and difficulty of the questions; the skill requisite to perform the professional service properly; the preclusion of other employment by the professional due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or circumstances; the amount involved and the results obtained; the experience, reputation and ability of the professional; the undesirability of the case; the nature and length of the profession of relationship with the client; and awards in similar cases. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

31.     Under each of the guidelines, the Trustee submits the compensation requested herein is fair and reasonable.

## IV. APPLICATION OF GUIDELINES

32.     As required by the first step of the two-step analysis imposed by section 330(a)(1) analysis, all services the Trustee rendered in this Case were necessary and appropriate. The Trustee's actions preserved and enhanced the value of the Estate's assets for creditors.

33.     Likewise, with respect to the second step of the analysis, the compensation sought by the Trustee is competitive. The issues in this bankruptcy case have been addressed promptly, properly and with no duplication. The time and labor the Trustee devoted to the Case were reasonable and necessary to carry out his statutory and fiduciary duties as Chapter 11 Trustee.

34.     Under the lodestar method, in aggregate, the Trustee rendered during the Application Period 467.9 hours of service at an hourly rate of $500.00. The Trustee has provided effective and efficient administration of the Estate.

35.     The twelve *Johnson* factors also support approval of the fees requested in these cases.

a.      Time and Labor Required. The Trustee expended 467.9 hours administering the Estate in the Application Period. The time and labor expended was reasonable and necessary to carry out the Trustee's statutory and fiduciary duties to the Estate.

b.      Novelty and Difficulty of the Questions. The size and complexity of this Case involved difficult issues and negotiations with many different parties, as well as complex administrative budgeting and reporting tasks. Because of its complexity, this Case required a trained bankruptcy professional with a specialized background in reorganizations to act as Trustee.

c.      Skill Required. This Case requires a high amount of skill because of its size, speed and the need to, among other things, negotiate a variety of complicated issues that arose with various parties in interest. This Case required a trained bankruptcy professional with a specialized background in reorganizations to act as Trustee.

d.      Preclusion of Other Employment. The Trustee's acceptance of his appointment as Chapter 11 Trustee for the Debtor frequently required the Trustee to address numerous

matters on an immediate or expedited basis, thereby requiring the Trustee to commit all or a substantial portion of his time to his duties in this Case, at the expense of other potential engagements.

e.     Customary Fee. If this Case were not one under the Bankruptcy Code, the Trustee would charge and expect to receive on a current basis, an amount at least equal to the amounts herein requested for the professional services rendered. The rates the Trustee charged in this Case are either standard rates or rates that are reduced from standard rates for the respective timekeepers. The Trustee represents and would demonstrate that the fees are competitive for this region and customary for the degree of skill and expertise required by other experienced restructuring practitioners and professionals in this district.

f.     Fixed or Contingent Fee. The Trustee accepted this Case pursuant to the Bankruptcy Code according to the Appointment Order which was entered by the Bankruptcy Court. Due to the uncertainties of the bankruptcy process, collection of all amounts beyond the initial retainer (which the Trustee does not have in this Case) are, by their nature, contingent. In this Case in particular, the Lender asserted a secured claim far in excess of the value of the Estate's assets, and so recovery in this Case was certainly contingent on effectively negotiating with the Lender to settle its claims while also providing for the payment of administrative expenses and a recovery for unsecured creditors. Because these negotiations obviously could not begin until the Trustee accepted his appointment, the Trustee's recovery in this Case was contingent.

g.     Time Limitations. As this Court is aware, "emergency" motions have been filed in this Case. Thus, the Trustee has been required to attend to various issues as they have arisen, often immediately or on a short time frame. The Trustee has had to perform many of his services to the Estate under significant time constrains.

h.     Amounts and Results. The Trustee preserved the Estate's assets and maximized the recovery from those assets, which were ultimately liquidated for a $45 million credit bid. The Trustee also worked to negotiated reductions to the claims of some of the largest creditors of the Estate. Ultimately, the Trustee anticipates there will be a substantial return to non-insider general unsecured creditors in this Case.

i.     Experience, Reputation and Ability. Mr. Milligan is highly experienced in restructuring, bankruptcy administration, and receivership services, and has been actively involved in many bankruptcy cases in the Western District of Texas and elsewhere. Attached as **Exhibit D** is a summary of Mr. Milligan's qualifications, experience, and credentials.

j.     Undesirability of the Case. The contingent nature of potential recoveries for claimants in the Case at the outset was an undesirable feature that the Trustee was able to overcome through his administration of the Estate.

k.     Relationship with Client. As disclosed in the Retention Application, the Trustee is an Executive Vice President at Harney, although the Trustee did not bill any time to the matter as financial advisor to the Trustee via Harney. The Trustee has also worked with

many of the other professionals in this Case, all as more fully disclosed in the Appointment Application and related disclosures.

l.      <u>Awards in Similar Cases</u>. The compensation the Trustee seeks in this Case is commensurate with the rates sought by professionals in other cases in this district, even before the limitations imposed by section 326 of the Bankruptcy Code.

## V. CONCLUSION

For the foregoing reasons, the Trustee requests that the Court:

(i)      grant approval of all fees in the amount of $79,936.60 for the entire case;

(ii)      authorize and direct the Trustee to pay the outstanding balance due of $79,936.60;

and

(iii)      such other relief as the Court deems just and proper.

Dated: November 10, 2020

*/s/ Scott D. Lawrence*
Jason M. Rudd, Tex. Bar No. 24028786
Scott D. Lawrence, Tex. Bar No. 24087896
Daniella G. Heringer, Tex. Bar No. 24103460
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 100
Dallas, Texas 75204
Telephone: (214) 692-6200
Facsimile: (214) 692-6255
jason.rudd@wickphillips.com
scott.lawrence@wickphillips.com
daniella.heringer@wickphillips.com

**COUNSEL FOR GREGORY MILLIGAN,**
**CH. 11 TRUSTEE FOR 3443 ZEN GARDEN, L.P.**

### CERTIFICATE OF SERVICE

I certify that on November 10, 2020, a true and correct copy of the forgoing was served on the parties listed on the attached service list, either via ECF or United States First Class mail as indicated therein.

*/s/ Scott D. Lawrence*

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 1:20-10410-HCM** |
| **3443 ZEN GARDEN, L.P.** | § | |
| | § | **Chapter 11** |
| **DEBTOR.** | § | |

**ORDER GRANTING
FIRST INTERIM APPLICATION OF
CHAPTER 11 TRUSTEE GREGORY S. MILLIGAN
FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED
FROM APRIL 22, 2020 THROUGH SEPTEMBER 30, 2020**

The Court has considered Chapter 11 Trustee Gregory S. Milligan's First Interim Application for Allowance of Compensation for Services Rendered from April 22, 2020 through September 30, 2020 (the "**Application**")[1] The Court finds that (i) it has jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Application is in the

---

[1] Capitalized terms unless otherwise defined herein shall have the same meaning as ascribed to them in the Application.

best interests of the Estate and its creditors; (iv) proper and adequate notice of the Application and the hearing thereon has been given and that no other or further notice is necessary; (v) the services of the Trustee as Chapter 11 Trustee for the Estate resulted in significant benefit and value to the Estate; and (vi) upon the record, after due deliberation, good and sufficient cause exists for the granting of the relief as set forth herein.

IT IS, THEREFORE, ORDERED that the Application is hereby granted.

IT IS FURTHER ORDERED that the Trustee is hereby awarded and allowed, on an interim basis, fees in the amount of $79,936.60 for the period April 22, 2020 through September 30, 2020.

IT IS FURTHER ORDERED that the Trustee is authorized to pay the Trustee $79,936.60.

IT IS FURTHER ORDERED that the Court shall retain jurisdiction over any dispute arising from or relating to the implementation of this Order.

###

PREPARED AND SUBMITTED BY:

Jason M. Rudd, Tex. Bar No. 24028786
Scott D. Lawrence, Tex. Bar No. 24087896
Daniella G. Heringer, Tex. Bar No. 24103460
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 100
Dallas, Texas 75204
Telephone: (214) 692-6200
Facsimile:  (214) 692-6255
jason.rudd@wickphillips.com
scott.lawrence@wickphillips.com
daniella.heringer@wickphillips.com

**COUNSEL FOR GREGORY MILLIGAN,
CH. 11 TRUSTEE FOR 3443 ZEN GARDEN, L.P.**

# EXHIBIT B



**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: April 22, 2020.**

_____
**H. CHRISTOPHER MOTT**
**UNITED STATES BANKRUPTCY JUDGE**

_____

### UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| 3443 ZEN GARDEN, L.P. | § | CASE NO. 20-10410-HCM |
| | § | |
| DEBTOR. | § | Chapter 11 |

### ORDER APPROVING APOINTMENT OF CHAPTER 11 TRUSTEE

The Court having considered the Application of the United States Trustee for entry of an Order approving appointment of Gregory S. Milligan as Chapter 11 Trustee in the above-captioned case, it is hereby

ORDERED that the appointment is approved.

# # #

Order submitted by
Shane P. Tobin
Office of the United States Trustee
903 San Jacinto, Ste. 230
Austin, TX 78701
(512) 916-5348
shane.p.tobin@usdoj.gov

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. 1:20-10410-HCM** |
| **3443 ZEN GARDEN, L.P.** | § | |
| | § | **Chapter 11** |
| DEBTOR. | § | |

## NOTICE OF ACCEPTANCE OF APPOINTMENT AS CHAPTER 11 TRUSTEE

PLEASE TAKE NOTICE that on April 22, 2020, this Court's *Order Approving Appointment of the Trustee* (ECF No. 36) approved Gregory S. Milligan's appointment as chapter 11 trustee of the bankruptcy estate of 3443 Zen Garden L.P.

PLEASE TAKE FURTHER NOTICE that, in accordance with Bankruptcy Rule 2008, Gregory S. Milligan hereby provides notice to the Court and to the United States Trustee that he has accepted this appointment.

Dated April 23, 2020

/s/ Gregory S. Milligan
Executive Vice President
Harney Partners
P. O. Box 90099
Austin, Texas 78709-0099
(512) 892-0803
gmilligan@harneypartners.com
**CHAPTER 11 TRUSTEE FOR**
**3443 ZEN GARDEN, L.P.**

## CERTIFICATE OF SERVICE

I certify that on April 23, 2020, a true and correct copy of the forgoing was served on counsel to the United States Trustee via email and the Court via ECF.

/s/ Scott D. Lawrence

# EXHIBIT C

| Timekeeper | Month | Hours Worked | Value of Services |
|---|---|---|---|
| Greg Milligan | Apr | 30.60 | $ 15,300.00 |
| | May | 108.50 | $ 54,250.00 |
| | Jun | 108.70 | $ 54,350.00 |
| | Jul | 77.20 | $ 38,600.00 |
| | Aug | 52.20 | $ 26,100.00 |
| | Sep | 90.70 | $ 45,350.00 |
| | **Grand Total** | **467.90** | **$ 233,950.00** |

# EXHIBIT D



# Gregory S. Milligan, CTP

Executive Vice President

Home    Professionals    Gregory S. Milligan, CTP

For more than 25 years, and with engagements involving onsite advisory to clients in more than 25 states and multiple foreign countries, Greg has maintained a practice surrounding troubled situations or situations that require fiduciary oversight.  He joined Harney Partners in 1998 and opened the Austin office in 2001.  Since that time, he has both led and collaborated on engagements with highly successful outcomes, meriting multiple peer-review awards from the Turnaround Management Association and the M&A Advisor.

The common thread which runs throughout Greg's career is his ability to enter a new and troubled situation to quickly develop an understanding of the situation, identify the key resources needed to achieve the best possible outcome, develop multiple strategic alternatives toward that outcome, and manage the personnel and other resources required to execute the selected plan – all while developing working relationships with necessary stakeholder constituencies.

Representative Roles:

Greg has served both inside and outside of court proceedings in a number of different roles as demonstrated below:

| | |
|---|---|
| Chief Restructuring Officer | State Court Receiver |
| Chapter 11 Operating Trustee | Court-Appointed Director |
| Chapter 11 Post-Confirmation Trustee | Court-Appointed Neutral |
| Restructuring Advisor | Independent Board Member |
| Chapter 7 Trustee | Liquidation Agent |

Chief Restructuring Officer

Restructuring Advisor (Out-of-Court)

Restructuring Advisor (Chapter 11)

Chapter 11 Operating Trustee

Chapter 11 Post-Confirmation Trustee and Plan Trustee

State Court Receiver

Orderly Wind Down + Liquidation Agent

Federal Court Receiver

Court-Appointed Neutral

U.S. Bankruptcy Court
903 San Jacinto, Suite 322
Austin, TX 78701-2450

3443 Zen Garden, LP
3443 Ed Bluestein Blvd.
Austin, TX 78721-2912

United States Trustee (SMG111)
903 San Jacinto Blvd, Suite 230
Austin, TX 78701-2450

3443 Zen Garden GP, LLC
c/o Rob Roy Parnell, Receiver
241 McKellar Road
Dripping Springs, TX 78620

ABC Supply Co Inc.
P.O. Box 840899
Dallas, TX 75284-8099

Adam Zarafshani
3443 Ed Bluestein Blvd., Building V
Austin, TX 78721-2912

ABC Supply Co., Inc.
c/o Andrew Myers, PC
Attn: Lisa M. Norman
1885 Saint James Place, 15th Floor
Houston, TX 77056-4176
SERVED VIA ECF

ACM Services, LLC
c/o Kell C. Mercer, PC
1602 E. Cesar Chavez Street
Austin, TX 78702-4456
SERVED VIA ECF

ACM Services, LLC
c/o Nick Morris
3280 FM 112
Taylor, TX 76574-4520
SERVED VIA ECF

Aero Photo
4000 16th Street North
St. Petersburg, FL 33703

Ahern Rentals
P.O. Box 271390
Las Vegas, NV 89127-1390

Allied Sales Company
P.O. Box 6116
Austin, TX 78762-6116

Austin Commercial & Residential Plumbing
2407 S. Congress Ave, Ste132
Austin, TX 78704-5505

Austin Glass & Mirror
6308 Decker Lane
Austin, TX 78724-5102
SERVED VIA ECF

Austin Glass & Mirror, Inc.
c/o Kell C. Mercer, PC
1602 E. Cesar Chavez Street
Austin, TX 78702-4456
SERVED VIA ECF

BPI
P.O. Box 405300
Atlanta, GA 30384-5300

Blu Fish Collaborative, Inc.
P.O. Box 40792
Austin, TX 78704-0014

Capital Industries, LLC
c/o Kell C. Mercer, PC
1602 E. Cesar Chavez Street
Austin, TX 78702-4456
SERVED VIA ECF

Capital Pumping, LP
3200 Steck Ave, Suite 220
Austin, TX 78757-8032
SERVED VIA ECF

Capital Pumping, LP
c/o Stephanie O'Rourke
Cokinos Young
10999 IH 10 West, Suite 800
San Antonio, Texas 78230-1349
SERVED VIA ECF

Christopher G Burwell
230 Pereida Street
San Antonio, TX 78210-1145
SERVED VIA ECF

Capital Industries, LLC
2105 Donley Dr., Ste. 200
Austin, TX 78758-4510

CT Laborers Electric, LLC
188 Alaska Road
Uhland, TX 78640-6644

City of Austin
c/o Anne Morgan
301 W. 2nd Street
Austin, TX 78701-4652

DM's Construction Equipment Repair
518 Yucca Drive
Round Rock, TX 78681-7411

Eightfold Development, LLC
3443 Ed Bluestein Blvd., Building V
Austin, TX 78721-2912

Equipment Share
2511 Broadway Bluffs Dr., Ste. 202
Columbia, MO 65201-8142

Dan White
c/o Jeffrey M Tillotson
Tillotson Law
1807 Ross Avenue, Suite 325
Dallas, TX 75201-8040
SERVED VIA ECF

Dan White, Individually
Dan White Family Trust
c/o Deborah D. Williamson,Dykema Gossett
112 E. Pecan St #1800
San Antonio, TX 78205-1521
SERVED VIA ECF

Equipmentshare.com, Inc.
c/o Richard J. Wallace, III
Scheef & Stone LLP
500 N. Akard, Suite 2700
Dallas, TX 75201-3306
SERVED VIA ECF

Ferguson Enterprises Inc.
2551 North Mays
Round Rock, TX 78665-2411
SERVED VIA ECF

Ferguson Enterprises, LLC
c/o Anthony F. Ciccone
611 West 14th Street
Austin, TX 78701-1725
SERVED VIA ECF

Ferguson Enterprises, LLC
c/o Misti L. Beanland
8131 LBJ Freeway, Suite 700
Dallas, TX 75251
SERVED VIA ECF

Ferguson Waterworks, LLC
#1106 4427 Factory Hill Drive
San Antonio, TX 78219-2704

Fritz, Byrne, Head & Gilstrap
221 West Sixth Street, Ste 960
Austin, TX 78701-3444

Frontier Plastering
P.O. Box 1455
Elgin, TX 78621-1455

GSC Architects
3100 Alvinn Devanne Bldg. A
Ste. 200-B
Austin, TX 78741-7406

Great Lakes Lifting Solutions
4910 Wilshire Blvd.
Country Club Hills, IL 60478-3153

Hilti Inc.
P.O. Box 650756
Dallas, TX 75265-0756

Fritz, Byrne, Head & Gilstrap, PLLC
Attn: Lisa C. Fancher
221 West Sixth Street, Suite 960
Austin, TX 78701-3444
SERVED VIA ECF

Glass.com of Illinois
910 Riverside Dr., Unit 4
Elmhurst, IL 60126-4979
SERVED VIA ECF

H&H Crane Services, Inc. dba Texas Crane Svc
c/o Robert L. Barrows
Warren, Drugan & Barrows, P.C.
800 Broadway, Suite 200
San Antonio, TX 78215-1241
SERVED VIA ECF

H&H Crane Services, Inc. dba Texas Crane Svc
c/o Sam Drugan
Warren, Drugan & Barrows, P.C.
800 Broadway, Suite 200
San Antonio, TX 78215-1241
SERVED VIA ECF

Hays County
c/o Tara LeDay
P.O. Box 1269
Round Rock, TX 78680-1269
SERVED VIA ECF

Hill Country Electric Supply
P.O. Box 577
San Antonio, TX 78292-0577
SERVED VIA ECF

Hinshaw & Culbertson LLP
151 North Franklin St., Ste. 2500
Chicago, IL 60606-1915

Hollandstone
P.O. Box 50058
Austin, TX 78763-0058

Hull Supply, Inc.
5117 East Cesar Chavez
Austin, TX 78702-5142

Hill Country Electric Supply, LP
c/o Kell C. Mercer, PC
1602 E. Cesar Chavez Street
Austin, TX 78702-4456
SERVED VIA ECF

Koetter Fire Protection of Austin, LLC
16069 Central Commerce Drive
Pflugerville, TX 78660-2005
SERVED VIA ECF

Koetter Fire Protection of Austin, LLC
c/o Kell C. Mercer, PC
1602 E. Cesar Chavez Street
Austin, TX 78702-4456
SERVED VIA ECF

Jeremie Schultz
6555 Hwy 140 W
Puryear, TN 38251-3943

Keytech North America
20 PGA Drive Suite 201
Stafford, VA 22554-8218

MLA Geotechnical
2800 Longhorn Blvd Suite 104
Austin, TX 78758-7624

Lone Star Materials
11111 Bluff Bend
Austin, TX 78753-3221
SERVED VIA ECF

Lone Star Materials, Inc.
c/o Dennis A. McQueen
Pagel, Davis & Hill, P.C.
1415 Louisiana, 22nd Floor
Houston, TX 77002-7344
SERVED VIA ECF

Lyle America, Inc.
d/b/a Glass.com of Illinois
1602 E. Cesar Chavez Street
Austin, TX 78702-4456
SERVED VIA ECF

MOHD Service Solutions LLC
3701 E. Plano Parkway Ste 400
Plano, TX 75074-1806

Mark Schiffgens, CPA
100 E. Anderson Lane Ste 250
Austin, TX 78752-1233

McMinn Land Surveying Company
4008 Greenmountain Lane
Austin, TX 78759-7570

Mint Engineering, LLC
5130 Mansfield View Court
Austin, TX 78732-1854

Mobile Mini Storage Solutions
4646 East Van Buren Street Suite 400
Phoenix, AZ 85008-6927

NLB Corp.
29830 Beck Road
Wixom, MI 48393-2824

Nathan Olson
11308 Wet Season Dr.
Austin, TX 78754-5855

Oldcastle Materials, Inc Texas Concrete
1320 Arrow Point Dr. Ste 600
Cedar Park, TX 78613-2189

Paradigm Glass
9603 Saunders Lane, #B-2
Austin, TX 78758-5230

Panache Development & Construction
P.O. Box 26539
Austin, TX 78755-0539
SERVED VIA ECF

Panache Development & Construction, Inc.
1100 Norwood Tower
114 W. 7th Street
Austin, TX 78701-3000
SERVED VIA ECF

Praxair Distribution, Inc.
Dept 0812 P.O. Box 120812
Dallas, TX 75312-0812

Professional StruCivil Engineering
12710 Research Blvd., Suite 390
Austin, TX 78759-4380
SERVED VIA ECF

Professional Flooring
P.O. Box 7558
Fort Worth, TX 76111-0558

Ram Tool & Supply Co, Inc
Attn: Legal
4500 5th Ave S, Bldg A
Birmingham, AL 35222

Regal Plastics Supply Company, Inc
9200 N. Royal Ln. Suite 120
Irving, TX 75063-2468

Reinhart & Associates, Inc.
P.O. Box 140105
Austin, TX 78714-0105

Rob Roy Parnell
c/o G. Stewart Whitehead
Winstead, PC
401 Congress Avenue Ste 2100
Austin, TX 78701-3798

Rob Roy Parnell, Receiver
251 McKellar Road
Dripping Springs, TX 78620-4884

Roca
11190 NW 25th Street
Miami, FL 33172

Ruiz Testing Services, Inc
10854 Gulfdale St.
San Antonio, TX 78216-3607

Rompsen Mortgage Limited Partnership
c/o Mark T. Michell
Foley & Lardner LLP
600 Congress Ave., Suite 3000
Austin, TX 78701-3056
SERVED VIA ECF

Rompsen Mortgage Limited Partnership
162 Cumberland Street, Suite 300
Toronto, Ontario M5R
SERVED VIA ECF

Rompsen Mortgage Limited Partnership
Foley & Lardner LLP
Attn: Tom Scannell
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201-3340
SERVED VIA ECF

Schindler Elevator Corp.
2020 Centimeter Center
Austin, TX 78758-4956
SERVED VIA ECF

Schindler Elevator Corporation
c/o Barbara Emerson
Bellinger & Suberg, LLP
12221 Merit Drive, Suite 1750
Dallas, TX 75251-2281
SERVED VIA ECF

Summer Legacy, LLC
c/o Kell C. Mercer, PC
1602 E. Cesar Chavez Street
Austin, TX 78702-4456
SERVED VIA ECF

Sigmax Corporation
321 N. Oakhurst Dr.#602
Beverly Hills, CA 90210-4175

Structures
6926 N. Lamar Blvd
Austin, TX 78752-3508

Summer Legacy
P.O. Box 144151
Austin, TX 78714-4151

Sweep Across Texas
1512 Dungan Lane
Austin, TX 78754-4022

The Bug Master
1912 Smith Rd.
Austin, TX 78721-3547

Trane
P.O. Box 845053
Dallas, TX 75284-5053

Texas Air Industries
401 Congress Ave., Suite 111540
Austin, TX 78701-4071
SERVED VIA ECF

Texas Air, LLC
c/o Christopher Stanley
Sneed, Vine & Perry
108 E. 8th Street
Georgetown, TX 78626-5802
SERVED VIA ECF

Texas Crane Service
203 S. W.W. White Rd.
San Antonio, TX 78219-4221
SERVED VIA ECF

Travis County
c/o Jason A. Starks
P.O. Box 1748
Austin, TX 78767-1748
SERVED VIA ECF

Travis County, Texas
P.O. Box 1748
Austin, TX 78767-1748
SERVED VIA ECF

Wemberley Metal Buildings
11914 Radium Street
San Antonio, TX 78216-2713
SERVED VIA ECF

Wembley Metal Buildings, LLC
c/o Christopher Burwell
230 Pereida Street
San Antonio, TX 78210-1145
SERVED VIA ECF

B. Russell Horton
George Brothers Kincaid & Horton LLP
114 West 7th St. Ste. 1100
Austin, TX 78701-3015
SERVED VIA ECF

G. Stewart Whitehead
Winstead, PC
401 Congress Avenue, Suite 2100
Austin, TX 78701-3798
SERVED VIA ECF

Gregory S. Milligan
Chapter 7/11 Trustee
Harney Management Partners, LLC
P.O. Box 90099
Austin, TX 78709-0099
SERVED VIA ECF

United States Trustee – AU12
903 San Jacinto Blvd, Suite 230
Austin, TX 78701-2450