**The relief described hereinbelow is SO ORDERED.**

**Signed December 28, 2020.**

                                      _____
                                      **H. CHRISTOPHER MOTT**
                                      **UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| **3443 ZEN GARDEN, L.P.** | § § | CASE NO. 1:20-10410-HCM |
| | § § | Chapter 11 |
| DEBTOR. | § | |

### ORDER GRANTING
### CHAPTER 11 TRUSTEE'S (1) OBJECTION TO
### CLAIM NO. 2.5 ON DEBTOR'S SCHEDULE D OF
### DEALERS ELECTRICAL SUPPLY COMPANY WITH NOTICE THEREOF AND
### (2) MOTION TO DETERMINE VALUE OF PROPERTY SECURING CLAIM

The Court has considered the Objection (the "Objection") to Claim No. 2.5 of Dealers Electrical Supply on the Debtor's Schedule D in the above-captioned case (the "Chapter 11 Case"), with notice thereof, and motion to determine value of property securing claim, filed by Gregory S. Milligan, Chapter 11 Trustee (the "Trustee") of the bankruptcy estate (the "Estate") of 3443 Zen Garden, L.P. (the "Debtor"), the chapter 11 debtor in the Case. The Court finds that (i) it has jurisdiction over the matters raised in the Objection pursuant to 28 U.S.C. §§ 157 and 1334; (ii) the Objection is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in

the Objection is in the best interests of the Estate and its creditors; (iv) proper and adequate notice of the Objection and the hearing thereon has been given and that no other or further notice is necessary; and (v) upon the record, after due deliberation, good and sufficient cause exists for the granting of the relief requested in the Objection as set forth herein. IT IS HEREBY ORDERED THAT:

1. The Objection is sustained as set forth herein.

2. The claim of Dealers Electrical Supply Company described on the Debtor's Schedule D as claim number 2.5 is disallowed as a secured claim.

3. The value of the property, if any, securing the claim of Dealers Electrical Supply described on the Debtor's Schedule D as claim number 2.5 is determined to be $0.

4. The claim of Dealers Electrical Supply Company described on the Debtor's Schedule D as claim number 2.5 is disallowed as an unsecured claim.

5. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any prepetition claim against the Estate; (b) a waiver of any party's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by the Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Trustee's or Estate's rights under the Bankruptcy Code or any other applicable law.

6. The terms and conditions of this Order will be immediately effective upon its entry.

7. The Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

8. The Court retains exclusive jurisdiction to resolve any dispute arising from or related to this Order.

###

PREPARED AND SUBMITTED BY:

Jason M. Rudd, Tex. Bar No. 24028786
Scott D. Lawrence, Tex. Bar No. 24087896
Daniella G. Heringer, Tex. Bar No. 24103460
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 100
Dallas, Texas 75204
Telephone: (214) 692-6200
Facsimile: (214) 692-6255
jason.rudd@wickphillips.com
scott.lawrence@wickphillips.com
daniella.heringer@wickphillips.com

**COUNSEL FOR GREGORY S. MILLIGAN,
CH. 11 TRUSTEE FOR 3443 ZEN GARDEN, L.P.**